Per Curiam.

At the opening of his trial defendant’s counsel requested that defendant be permitted to wear his own street clothing as is usual during the trial. The Court refused "this request and defendant was obliged to appear during his trial wearing 'distinctive prison attire, not otherwise described in the record. The District Attorney concedes that the People can *979 advance no reason why it was necessary to try this defendant in prison uniform.
A defendant is presumed innocent and he is entitled tp appear in court with the dignity and the self-respect of a free and innocent man. To forbid him to wear his own clothing and to require him to appear in convict’s attire — a continuing visual communication to the jury — is to deny him this right. (For cases in other jurisdictions see 41 Am. Jur., Criminal Law, § 239; cf. Bentley v. Crist, 469 F. 2d 854 and eases cited at n. 3; see, also, American Bar Association, Project on Minimum Standards for Criminal Justice, Trial by Jury, § 4.1 [b], App. Draft [1968] ; cf. Williams v. Estelle, 500 F. 2d 206, cert, granted 420 U. S. 907.) While there may be situations which present problems of implementation of a defendant’s request that he not wear prison garb, there is no such circumstance suggested in this case. The fact that the crimes charged here were committed while this defendant was incarcerated, a factor cited by the Trial Judge, makes no difference in our view (semble contra United States ex rel. Stahl v. Henderson, 472 F. 2d 556).
Accordingly, the order of the Appellate Term should be reversed, and the case remitted for a new trial.
Chief Judge Bbeitel and Judges Jasen, G-abbielli, Jones, Wachtleb, Fuchsbebg and Cooke concur in Per Curiam opinion.
Order reversed, etc.