THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELFIN GONZALEZ, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 18, 1975, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. While we believe that the judgment should be affirmed, we feel bound to add a warning note concerning the conduct of the trial. At the conclusion of most of the evidence, the prosecutor asked the court to increase the bail of the defendant from $2,500 to $10,000 on the ground that the proof against him was overwhelming and that he might attempt to flee. The court granted the application; the defendant, who had been free on bail, was unable to meet the increased amount of $10,000. When the trial resumed three days later, Deputy Sheriffs were placed behind the defendant within the rail separating the court from the public, even though the defendant's counsel protested that the jury now would see the deputies for the first time during the trial and speculate that the defendant had suddenly become a dangerous person. A fair trial may be denied a defendant charged with the commission of a crime if he is presented in court in shackles, or in prison garb, without reasonable grounds for that condition *(Illinois v Allen,* 397 US 337, 344; *People v Roman,* 35 NY2d 978; see ABA Project on Standards for Criminal Justice, Trial by Jury, § 4.1 [b], App Draft). Similarly, an abrupt change in the appearance of the physical custody of the defendant during a trial may result in an inference adverse to the defendant. This does not mean that a court is without power to order such a change when the circumstances warrant—as in the case of a disruptive defendant. Here, the defendant had not been guilty of that sort of behavior and, in a close case, the sudden appearance of deputies in near proximity of the defendant during the trial might well be considered to have deprived him of a fair trial. In this case, however, we are persuaded that the overwhelming weight of the evidence against the defendant does not make this a close case and, therefore, we are affirming the judgment. Hopkins, Acting P. J., Martuscello and Titone, JJ., concur; Latham and Hawkins, JJ., concur in the result.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HIDALGO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 19, 1976, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence from an indeterminate term with a maximum of three years to a definite term of one year. As so modified, judgment affirmed and the case is remanded to the County Court for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.