### (April 26, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MC CLOUD, Appellant.—Appeal from a judgment of the County Court of Greene County, rendered August 9, 1977, upon a verdict convicting defendant of the crimes of assault in the second degree and promoting prison contraband in the first degree. Defendant was found guilty of assaulting a fellow inmate at the Coxsackie Correctional Facility with a homemade knife and inflicting physical injury upon him in the form of a four-inch scratch on his chest. On this appeal defendant seeks reversal upon the grounds that (1) there is insufficient proof of the infliction of physical injury or substantial pain to the victim of the assault, and (2) it was prejudicial to the defendant to have him handcuffed to a chair during the course of the trial. We need only consider the second ground since, under the circumstances, it forms the basis for a reversal. While it is the responsibility of the Trial Judge to determine whether an accused should be handcuffed during a trial upon a request therefor by the Sheriff or District Attorney, there must be a rational or justifiable basis to sustain an approval of the request (see *People v Mendola,* 2 NY2d 270; *People v Bryant,* 5 Misc 2d 446). The defendant in this case was being tried for a crime of violence allegedly committed while he was incarcerated for another violent crime, felony murder committed during the course of a robbery. While we can certainly conceive of reasons which would justify a trial court in handcuffing a defendant under these circumstances, we are troubled by the reason given by the trial court in this case. The underlying basis for the court's concern for the safety of court-room personnel was that the people in the courtroom charged with the responsibility of the security of the defendant were elderly men and women unable, in the court's view, to cope with a "virile, strapping young man * * * being capable of attempting bodily harm to spectators or one of the jury panel or court officials." The court then went on to point out that the Sheriff's Deputies were otherwise engaged in the work of the court and not available for duty in the courtroom. It is our view that it is the responsibility of the county to provide the necessary personnel to maintain security in the courtroom through the office of the Sheriff (County Law, § 650; Judiciary Law, § 403; Correction Law, § 500-c). Defendant was in the unenviable position, although of his own making, of having the jury fully aware of his present incarceration. In a situation where the sufficiency of the evidence is in question, it can hardly be said that the appearance of the defendant handcuffed to a chair during the trial was not prejudicial. Judgment reversed, on the law, and a new trial granted. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.