THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOSEPH DELL'ORFANO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered September 19, 1977, upon resentence, convicting him of robbery in the first degree, upon a jury

verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, the case as against defendant John Joseph Dell'Orfano is severed from that as against his codefendant, and a new trial is ordered. Appellant was indicted and tried, along with codefendant Kenneth Anthony Patterson, for robbery in the first degree and attempted murder, on charges arising out of a robbery at a store. In the course of the robbery, the store manager was shot. During the trial, the count for attempted murder was dismissed as against the appellant. After the jury trial, the appellant was convicted of robbery in the first degree (Patterson was convicted of robbery in the first degree and attempted murder). The evidence adduced at the trial tended to establish that on December 20, 1976, at about 6:00 P.M., a robbery was committed at the Thom McCan shoe store on Sunrise Highway in Patchogue by two white men posing as customers. One of the men (subsequently identified as Patterson) put on a torn "ski mask", pulled out a gun and shot the manager of the store through the head. The robbery was witnessed by two salesgirls in the store and by a couple seated in an automobile parked in front of the store. When the robbers fled, the couple unsuccessfully attempted to follow. They furnished the police with the license plate number and a description of the car which they believed to be the vehicle in which the robbers effected their escape. The owner of the suspect vehicle informed the police that she had lent it to one Janet Skippon. When the police called on Ms. Skippon, the vehicle was parked nearby and the appellant was asleep in the apartment. In a series of lineups and a voice identification procedure held at about 2:00 A.M. on December 21, 1976, the appellant was identified by both salesgirls as one of the two men who had committed the robbery. When the police and Ms. Skippon returned to her apartment after the lineups, they found Patterson asleep on the bedroom floor. In the kitchen, Detective Gennari saw a calendar with penciled notations "P.O., Kenny" and "P.O., Jay". Ms. Skippon explained that these referred to appointments with parole officers for appellant ("Jay") and the man asleep on the floor ("Kenny"). Gennari immediately seized Patterson and sat him up. A gun fell partly out of his pocket. The gun was fully loaded except for one expended cartridge. The torn "ski mask" was found in the lot adjoining the house where Ms. Skippon lived. All suppression motions were denied. A review of the trial minutes establishes that the appellant was deprived of a fair trial by the denial of his renewed motions for a severance. The thrust of Patterson's defense was that he had been accused of the crimes solely because of his association with the appellant. His counsel noted that the police had not connected Patterson with the robbery either when they found him asleep on the floor or earlier in the evening when they had seen him in an upstairs apartment while looking for Ms. Skippon, and that they did not suspect him until after they saw the notations on the calendar. Patterson's counsel referred to the appellant as a parolee in his opening address to the jury and elicited from Detective Gennari testimony as to the calendar with the notations of appellant's and Patterson's respective appointments with a parole officer. Patterson testified that he and the appellant had met in jail and that after their release, they fraternized in violation of a condition of their parole. The appellant did not testify. A defendant's past criminal record is ordinarily inadmissible unless he takes the stand (Richardson, Evidence [Prince, 10th ed], §§ 170, 183, 498). In his cross-examination of a People's witness (one of the salesgirls), Patterson's counsel elicited testimony that she had co-operated with a police artist in the preparation of a sketch and introduced the sketch in evidence. Her testimony and a copy of the

sketch would not have been admissible on direct examination (see *People v Forest,* 50 AD2d 260, 262). The Trial Judge's limiting instructions were inadequate as he merely charged the jury to consider the case as though there were two trials. The appellant may also have been prejudiced by the fact that the trial technique of Patterson's attorney apparently initially amused, and then irritated, the jury. Since there is to be a new trial we note that the appellant was also prejudiced by his having been seen in handcuffs by the jury on a number of occasions during the trial without reasonable ground therefor (see *People v Gonzalez,* 55 AD2d 656). Necessary steps should be taken to avoid such confrontation upon the new trial. We find no merit in appellant's other arguments. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.