■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FALTERMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered August 30, 1978, convicting him of attempted rape in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On the facts of this case, it was error to permit the prosecution to introduce a police composite sketch drawn with the aid of the complainant. The testimony showed that the complainant had selected a photograph of someone other than the defendant as resembling her assailant. On cross-examination the prosecution introduced a composite sketch which had been prepared with the complainant's help prior to her selection of the photograph introduced by the defense. While a composite may be introduced to rehabilitate a witness who has been accused of recent fabrication, it may not be admitted simply to counteract evidence introduced by the defendant which casts doubt on the reliability of complainant's identification *(People v Forest,* 50 AD2d 260; *People v Davis,* 44 NY2d 269, 274-278). In this instance, as the trial court noted, there was no evidence or claim of recent fabrication before the jury and the composite was improperly admitted. While a prosecutor is entitled to a "missing witness" charge against a defendant under appropriate circumstances *(People v Rodriguez,* 38 NY2d 95), it is our opinion that the testimony of Debra Falterman and James Giampa would have been nothing more than cumulative. At the very least, once the court gave a missing witness charge, it should have granted defendant's request to explain what effect such testimony would have had if it was only cumulative. Since there is to be a new trial we note that the appellant was also prejudiced by his having been seen in handcuffs by the jury on several

occasions during the trial without reasonable ground therefor. Necessary steps should be taken to avoid such confrontation upon the new trial. (See *People v Gonzalez,* 55 AD2d 656; *People v Dell'Orfano,* 72 AD2d 749.) Mollen, P. J., Damiani, Mangano and Martuscello, JJ.