■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FERRARA, Appellant. — Judgment of the County Court, Nassau County, rendered April 30, 1979, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY GALLAN, Also Known as GUMAL ALLAH, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County, rendered December 20, 1976, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant asserts that he was forced to appear in prison clothing and in handcuffs before the jury during the trial. Though the record is not entirely clear as to the extent to which the defendant was presented to the jury under these conditions, the record is clear that the Trial Judge had instructed the Sheriff that the defendant was not to be brought before the jury in handcuffs, and specifically charged the jury that no inference should be drawn from the existence of restraints against the defendant. Though we deplore the practices to which the defendant objects, in the absence of good and sufficient reason (cf. *People v Roman,* 35 NY2d 978; *People v Gonzalez,* 55 AD2d 656; *People v Dell'Orfano,* 72 AD2d 749), we do not find reversible error here, where the action of the Trial Judge countered any prejudice to the defendant. We have reviewed the other claims of the defendant and see no basis for reversal. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON GREENE, Also Known as MICHAEL GREENE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 12, 1978, convicting him of robbery in the first degree, assault in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The postarrest statements made by defendant in response to the arresting officer's inquiry should have been suppressed due to the officer's failure to first advise him of his *Miranda* rights (see *People v Whyte,* 71 AD2d 631). However, we find that the proof of defendant's guilt was overwhelming. Moreover, "there is no reasonable possibility that the error might have contributed to defendants conviction" *(People v Crimmins,* 36 NY2d 230, 237) or that the admission into evidence of defendant's statements contributed thereto *(People v Almestica,* 42 NY2d 222, 226). Thus, this error was harmless beyond a reasonable doubt. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.