## (December 16, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY TAYLOR, Appellant. — Appeal from a judgment of the County Court of Ulster County (Clyne, J.), rendered December 12, 1980 upon a verdict convicting defendant of two counts of the crime of robbery in the second degree and one count of the crime of criminal possession of stolen property in the first degree. On May 9, 1980, two black males entered a jewelry store on John Street in the City of Kingston. One of the men assaulted the 64-year-old female proprietor with the butt of a gun, kicked in a glass case and ran off with six diamond rings. Approximately two hours later the police received a call from a Mr. Andreopoulous advising them that a black male had offered to sell him a diamond ring for $100. He further advised the police that he had the price tag of the ring and was awaiting the return of the seller to purportedly consummate the sale. After the price tag was identified by the jewelry store owner, the police returned to Mr. Andreopoulous' place of business and arrested defendant. Thereafter, defendant was indicted, tried and convicted. At trial, another black male named Michael Ison admitted his participation in the robbery, identified defendant as the other man involved, and, further, testified that defendant had wielded the gun. Carol Demand, an employee of the business where defendant was arrested, testified that before the police arrived defendant offered to sell her a ring for $150. Another prosecution witness, John De Gasperis, testified that he not only knew defendant but that defendant had showed him some rings in early May, 1980. More importantly, however, a witness named Bethann Deyo, whose identity was not revealed to defendant before trial, testified that she had known defendant for nine years and had seen him in the vicinity of the jewelry store shortly before the robbery and later observed him running from the store holding a red mask to his face. Defendant urges as grounds for reversal (1) the People's failure to disclose the identity of a corroborative witness, (2) the failure of the People to reveal exculpatory evidence, and (3) the ineffective assistance of counsel. With respect to the withholding of the identity of witness Bethann Deyo, we conclude that the trial court properly issued a protective order authorizing the People not to release to defendant the name of this corroborative witness. CPL 240.50 (subd 1) authorized the trial court, upon motion of either party or pursuant to its own initiative, to issue a protective order regulating discovery for good cause, including a substantial risk of physical harm to a witness, provided the limitation "outweighs the usefulness of the discovery". Here, the witness advised the District Attorney that she was afraid of defendant since he had threatened her in the past and that she was very reluctant to testify. While CPL 240.50 carves a narrow exception from the prosecutor's general duty to disclose, the broad discretion given the trial court in weighing the "good cause" against the usefulness of discovery casts a heavy burden on anyone who claims that the trial court abused its discretion. The principal prosecution witness in the instant case was Michael Ison, who not only identified defendant but admitted his own participation in the robbery. While Bethann Deyo provided the requisite corroborative proof (see CPL 60.22), her role in the evidentiary pattern of proof was supportive and, in our view, her personal protection and attendance at trial in this case outweighed the usefulness of discovery (see Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.50 [1981-1982 supp], pp 382-383). Next, defendant's contention that the suppression of allegedly exculpatory evidence violated his constitutional rights of due process is without merit. Upon receipt of test results that hair samples taken from defendant, pursuant to court order, did not match hair particles found in a woolen cap near the scene of the crime, defendant's counsel was advised that the results were negative and that a copy was available in the

District Attorney's office. Trial counsel did not raise this issue at trial and advised appellate counsel by letter that his trial strategy was based on his belief that the negative test results had no probative value. We agree. We also reject defendant's contention that he was denied effective assistance of trial counsel. It is noteworthy that defendant does not contend that the defense strategy employed was erroneous. Rather, on appeal, with the benefit of hindsight, he claims that counsel's trial tactics were ineffective. The record proves the contrary. Defense counsel was successful in persuading the trial court to dismiss counts four and five of the indictment, i.e., two counts of assault in the second degree, class D felonies. A defendant is entitled to competent representation, not infallible counsel (*People v LaBree*, 34 NY2d 257). When viewed in its entirety, the record clearly reveals that defendant's attorney provided meaningful representation. That is all that is required to satisfy the constitutional mandate (*People v Baldi*, 54 NY2d 137). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.