■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL LA BOY, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered January 12, 1982, upon a verdict convicting defendant of the crime of assault in the second degree. On June 4, 1981, during

a strip frisk following transfer to Coxsackie Correctional Facility, defendant struck and injured one of the correction officers who was guarding him. Defendant was indicted and charged with assault in the second degree and assault in the third degree. The latter charge was dismissed prior to trial. At trial, defendant produced four fellow prisoners as witnesses to establish a theory of self-defense. Each witness was restrained with handcuffs and/or leg irons and closely guarded in the courtroom. Defendant was convicted and received a sentence of three to six years to run consecutively to his previous undischarged term. This appeal ensued. Defendant urges that the trial court improperly allowed the indictment to be amended (CPL 200.70). Originally, defendant was charged with having punched "a peace officer, with intent to prevent him from performing a lawful duty consisting of guarding said defendant *while he was being prepared for a shower*" (emphasis added). On motion by the People during jury selection, the court deleted the underscored phrase. In our view, the theory of the indictment was not altered by this deletion. To commit assault in the second degree, under subdivision 3 of section 120.05 of the Penal Law, it is necessary that the defendant intended to prevent a peace officer from performing a lawful duty (*People v Robinson,* 71 AD2d 779, 780). Here, the officer's duty was to guard defendant. What defendant was doing while being guarded, i.e., preparing to take a shower, did not constitute an element of the crime charged. In effect, the omitted language was mere surplusage, and amendment by deletion was not improper (CPL 200.70; *People v Hochberg,* 62 AD2d 239, 250-251). Defendant's remaining contentions are similarly without merit. The court properly refused to charge assault in the third degree under subdivision 1 of section 120.00 of the Penal Law as a lesser included offense of assault in the second degree under subdivision 3 of section 120.05 of the Penal Law since "it is possible to commit the latter without possessing the intent to injury which is the gravamen of the former" (*People ex rel. Gray v Tekben,* 57 NY2d 651, 653). Nor do we assign error to the court's decision to restrain and guard certain defense witnesses while in the courtroom. The court stated on the record outside the jury's presence that the subject witnesses were all convicted felons (three were convicted murderers), and that the Department of Correctional Services had advised that security precautions were necessary. Defendant rejected the court's suggestion that the witnesses testify on videotape at the prison to avoid undue prejudice. Moreover, the court properly instructed the jury that restraining the witnesses in no way reflected on the guilt or innocence of defendant (see *People v Palermo,* 32 NY2d 222, 225; *People v Gallan,* 78 AD2d 904). Under all of these circumstances, we cannot say the court abused its discretion by permitting these witnesses to be restrained (see *People v McCloud,* 69 AD2d 957). Finally, we reject defendant's contention that he was denied effective assistance of trial counsel. Contrary to defendant's argument, the record confirms that counsel requested an adjournment pursuant to CPL 200.70, but that such motion was denied. Counsel was also successful in persuading the trial court to dismiss count two of the indictment charging third degree assault. In addition, the record evidences adequate preparation for trial and a sufficient presentation of the theory of self-defense. Viewed in its entirety, we conclude that defendant's attorney provided meaningful representation (*People v Baldi,* 54 NY2d 137; *People v Taylor,* 91 AD2d 729). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.