■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY VOLPE, Appellant.—Appeal by defendant from two judgments of the County Court, Suffolk County (Mallon, J.), each rendered October 20, 1983, the first convicting him of burglary in the third degree (three counts), upon his plea of guilty, and the second convicting him of burglary in the first degree (two counts), and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentences.

Judgment rendered upon the jury verdict affirmed.

Appeal from the judgment rendered upon the plea of guilty dismissed. Said appeal was withdrawn by defendant upon oral argument.

The accomplices' testimony in the case at bar was sufficiently corroborated by (1) expert testimony in the field of microscopic hair comparison, (2) testimony of a nonaccomplice regarding two handguns which were retrieved in his presence, after the commission of the crime, by one of the accomplices,

and (3) testimony by a detective regarding the discovery of a ".38 caliber projectile on the floor" of the victim's home *(see, People v Dory,* 59 NY2d 121; *People v Hudson,* 51 NY2d 233; *People v Allweiss,* 48 NY2d 40, 50).

Defendant argues that he was denied a fair trial because the jury viewed him in handcuffs on two occasions outside the courtroom.

This argument must be rejected. The Trial Judge gave the jury an extensive, clear curative instruction immediately upon learning of the second accidental viewing *(see, People v Gallan,* 78 AD2d 904). Furthermore, the viewings of defendant in handcuffs were brief and inadvertent *(see, People v Harper,* 47 NY2d 857, 858), and not egregious denials of his rights *(cf. People v Roman,* 35 NY2d 978, 979).

We have reviewed defendant's remaining argument concerning the prosecutior's cross-examination of defendant's alibi witness and find it to be without merit *(see, People v Dawson,* 50 NY2d 311, 318). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.