(September 25, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CRAFT, Appellant.—Levine, J. Appeal, by permission, from an order of the County Court of Chemung County (Danaher, Jr., J.), entered May 22, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of promoting prison contraband in the first degree, after a hearing.

Defendant, while serving a term of imprisonment at Elmira Correctional Facility, was indicted and convicted of the crimes of promoting prison contraband in the first degree and attempted assault in the second degree, arising out of the discovery of a metal shank in his cell's air vent and an altercation between him and a correction officer who was escorting him to the special housing unit after the object was found. On direct appeal, this court reversed the conviction for attempted assault, but affirmed the conviction for promoting prison contraband (101 AD2d 984). Thereafter, defendant brought the instant motion for postconviction relief from the conviction left standing, based upon three grounds: (1) that he was denied a fair trial because he had been shackled throughout the trial without justification and the trial court failed to give cautionary instructions to the jury with respect thereto; (2) newly discovered evidence of his innocence; and (3) ineffective assistance of counsel. After an evidentiary hearing, County Court denied defendant's motion, and this appeal followed.

From our review of the records of both the trial and the postconviction proceedings, we conclude that County Court properly denied defendant's motion to vacate the conviction for promoting prison contraband in the first degree.

Regarding the shackling of defendant in the presence of the jury, although no record of this was made at the trial, the People did not contest the evidence that this took place, as testified by defendant at his CPL article 440 hearing. Nevertheless, it does not here afford defendant a basis for postconviction relief. Obviously, the fact of defendant's shackling was known by him at the time of the trial, and could have been remedied by appropriate objection and, if that was denied, a request for an instruction to the jury to disregard it. Numerous appellate decisions, cited by defendant in his brief on this appeal, and which predated the trial herein, clearly indicate recognition of the presumptively prejudicial effect of displaying an accused in restraints before the jury during trial, without record justification therefor *(see, e.g., People v Mendola,* 2 NY2d 270; *People v Falterman,* 74 AD2d 584) and, at the least, the need for cautionary instructions *(People v Palermo,* 32 NY2d 222; *People v Gallan,* 78 AD2d 904). Since, with any diligence on defendant's part, this issue could have been made a part of the record of the trial and thereby subject to review on direct appeal, County Court was justified in rejecting it on the motion to vacate *(see,* CPL 440.10 [3] [a];

*People v Donovon,* 107 AD2d 433, 443-444; *see also, People v Bennett,* 30 NY2d 283, 287-288).

Defendant's submission of newly discovered evidence is also unavailing. The evidence in question consisted of the testimony of a fellow inmate that he was told by another inmate, Charles "T-Bone" McClee (who was unavailable as a witness at the hearing on the instant motion), who had occupied defendant's cell immediately before he was assigned there, that McClee had placed the shank in the air vent. However, defendant conceded at the hearing that he knew before the trial that an inmate with McClee's nickname had occupied the cell before he did and had possessed and secreted the shank, and further conceded that, before sentencing, he had ascertained McClee's full identity, spoke to him in prison and confirmed the foregoing facts. Nevertheless, at the trial, defendant disclaimed any knowledge of how the shank got where it was found and introduced evidence through inmates and other witnesses that it was nearly impossible to place it in the air vent from inside the cell and that the object was more likely introduced by someone else from an outside passageway. Although defendant was permitted at sentencing to extensively address the court concerning his innocence, he likewise refrained from alluding in any way to the evidence concerning McClee. Under the foregoing circumstances, this exculpatory material did not qualify as "[n]ew evidence * * * discovered since the entry of a judgment * * * which could not have been produced by the defendant at the trial even with due diligence" to support vacatur of the judgment (CPL 440.10 [1] [g]; *see, People v Balan,* 107 AD2d 811, 814-815; *People v Wagner,* 51 AD2d 186, 189).

Finally, defendant urges that his defense attorney's failure to have raised any issue concerning his shackling at the trial and to develop and submit proof concerning the responsibility of McClee for the shank constituted a denial of his constitutional right to effective assistance of counsel. The transcript of defendant's trial, however, clearly establishes that he was defended vigorously and with reasonable competence as to the promoting prison contraband charge under the viable theory of the defense which was pursued. Whatever errors may have been committed in failing to object or in electing one trial strategy over another, ineffective representation was not established here under the criteria currently applied *(see, Strickland v Washington,* 466 US 668, 686-691; *People v Satterfield,* 66 NY2d 796, 799-800; *People v Reddy,* 108 AD2d 945, 948).

Order affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.