(November 20, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v HERMAN D. NEU, Appellant.—Harvey, J.

In September 1982, defendant allegedly shot and killed a clerk at the Afton Country Store in the Town of Afton, Chenango County, during the course of a robbery. As a result, he was indicted for numerous crimes by a Grand Jury. Following a jury trial, he was found guilty of two counts of murder in the second degree, two counts of robbery in the first degree, robbery in the second degree and robbery in the third degree. This appeal ensued.

Defendant contends that he was denied a fair trial because he was shackled in the presence of the jury throughout his trial. A defendant may not be shackled in the presence of the jury unless a justifiable basis is articulated on the record *(People v Gonzalez,* 115 AD2d 899, 901; *see, Holbrook v Flynn,* 475 US 560, —, 106 S Ct 1340, 1346-1347; *People v Mendola,* 2

NY2d 270, 275; *People v Williams,* 36 AD2d 1018; *Propriety and Prejudicial Effect of Gagging, Shackling, or Otherwise Physically Restraining Accused During Course of State Criminal Trial,* Ann., 90 ALR3d 17). Assuming justifiable grounds exist for shackling, it is incumbent upon the trial court to instruct the jury that the shackling should be disregarded and not bear on their determination as to defendant's guilt or innocence *(People v Mixon,* 120 AD2d 861; *People v Hart,* 112 AD2d 471). The fact that a defendant fails to request such a charge is of no significance *(People v Mixon, supra).* Further, the failure to give such an instruction cannot be overlooked even in the face of overwhelming evidence of guilt *(People v Hart, supra,* p 472).

Here, it is undisputed that defendant was kept in shackles throughout his trial despite his request that they be removed before the jury was brought in. No explanation for keeping the leg irons on defendant was offered in the record. The trial court failed to provide a charge to the jury regarding defendant's shackles. The People's attempt to draw a distinction between the prejudicial effect of handcuffs as compared to leg irons is without merit *(see generally, Propriety and Prejudicial Effect of Gagging, Shackling, or Otherwise Physically Restraining Accused During Course of State Criminal Trial,* Ann., 90 ALR3d 17, §§ 18-20). The further argument that a charge regarding defendant's shackles was not necessary since it was not requested is contrary to the law *(see, e.g., People v Mixon, supra).* Accordingly, we are constrained to conclude that defendant was denied a fair trial.

Since there must be a new trial, we deem it appropriate to note that we find defendant's other assertions on appeal to be without merit, with the exception of the fact that the trial court should have determined defendant's motion to suppress the testimony of Investigator Gerald Croiser and make the necessary findings of fact with regard to that motion *(see,* CPL 710.60 [5], [6]).

Judgment reversed, on the law, and matter remitted to the County Court of Chenango County for a new trial. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.