■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI THOMAS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered October 25, 1985, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was jointly tried and convicted of criminal possession of a weapon in the third degree arising out of his

threatened use of a handmade knife obtained from a fellow inmate during the course of an altercation at Clinton Correctional Facility. Of the various points raised on appeal, the dispositive issue is whether reversible error was committed in County Court's permitting defendant to be shackled and handcuffed during the trial. Prior to jury selection, counsel for the codefendant requested on his behalf and on behalf of defendant's attorney that the shackles and handcuffs be removed. County Court referred the request to the correction officers who stated that they wanted defendant and the codefendant to remain secured, whereupon the court stated that it was its policy to defer to the judgment of the correction officers. The guards eventually acquiesced in counsel's request that the writing hand of each defendant be released to enable them to communicate with counsel during the trial. Defense counsel was also permitted to inform prospective panels of jurors during jury selection that prison policy dictated that inmates be shackled during trial and received their assurance that the jurors would not draw any negative inference therefrom.

We note initially that the propriety of defendant's shackling during the trial was adequately preserved for our review by virtue of the objection made on behalf of both defendants prior to jury selection *(People v Gonzalez,* 115 AD2d 899, 901, *appeal dismissed* 68 NY2d 424). It is by now well settled that the shackling of a defendant in the presence of the jury is inherently prejudicial and constitutes reversible error unless either a justifiable basis therefor is placed on the record *(People v Roman,* 35 NY2d 978, 979; *People v Neu,* 124 AD2d 885; *People v Gonzalez, supra; People v Falterman,* 74 AD2d 584, 585; *People v Dell'Orfano,* 72 AD2d 749, 751; *People v McCloud,* 69 AD2d 957) or it is clear that the jury was not prejudiced thereby *(People v Mendola,* 2 NY2d 270, 275). Here, there is no basis whatsoever contained in the record for shackling defendant. County Court did not make any factual determination as to the necessity for such a security measure but merely deferred to the determination of the correction officers who themselves advanced no reason for the shackling *(see, People v Gonzalez, supra).*

Defense counsel's voir dire of prospective jurors on the question of shackling did not definitively establish the absence of prejudice in the minds of the jurors, particularly since it was not confirmed by appropriate and required instructions from County Court to the effect that shackling does not bear upon guilt or innocence and should be disregarded *(see, People*

*v Gonzalez, supra; People v Hart,* 112 AD2d 471, 472; *cf. People v Dawson,* 125 AD2d 860 [decided herewith]).

In light of the foregoing it is not necessary for us to address the other issues raised by defendant on appeal.

Judgment reversed, on the law, and matter remitted to the County Court of Clinton County for a new trial. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.