OPINION OF THE COURT
Melvin S. Barasch, J.
In a memorandum and order dated September 16, 1992, this court granted the above-named defendant’s motion for an order dismissing the indictment. This dismissal was based upon a presentation by the Assistant District Attorney whose improper questioning of the defendant and unprofessional conduct toward defense counsel, then present, impaired the integrity of the Grand Jury proceeding to the extent that *510 prejudice may have resulted. (People v Marquez, indictment No. 7268/92.) The People re-presented the case to a second Grand Jury, and the defendant was arraigned on the present indictment on November 18, 1992. The defendant is charged with crimes of attempted murder in the second degree, robbery in the first and second degrees, and criminal possession of a weapon in the second and third degrees.
As part of the omnibus relief sought, the defendant now moves for dismissal of the new indictment, based upon prosecutorial misconduct in the Grand Jury. In substance, defense counsel states that on November 2, 1992, he was present when the defendant, in custody, testified. Prior to defendant’s entry into the Grand Jury room, two detective investigators from the District Attorney’s office took steps to make sure that the defendant, who was in handcuffs, could not be viewed by the jurors. Once it was determined that all of the jurors were inside the Grand Jury room, the defendant, no longer handcuffed and accompanied by defense counsel and one detective investigator, entered the Grand Jury room and testified.
At the conclusion of his testimony, defendant and defense counsel were led into a small vestibule area directly outside the door to the Grand Jury. The defendant was re-handcuffed and placed against the wall. Immediately thereafter, the door to the Grand Jury room opened, and the jurors commenced filing out of the room through the vestibule where the defendant was standing, handcuffed, in the company of one detective investigator and defense counsel. Several minutes later, this process was repeated, in reverse, with the jurors once again passing within five feet of the defendant in the course of entering the room to hear further testimony, to be charged and to deliberate. During this period, the door to the vestibule was left open, allowing those jurors who remained in the room to view the defendant.
Defense counsel expressed his objection to the detective investigator who remained in the vestibule (the two Assistant District Attorneys had left when the defendant was initially escorted to the vestibule). He was told by the detective investigator that he could not transport the defendant in the absence of his partner, who had inexplicably left the scene.
The defendant was not removed from the scene until after the jurors returned to the Grand Jury room.
Defense counsel’s version of what occurred is uncontroverted by the District Attorney.
*511 The United States Supreme Court has characterized the use of shackles as "inherently prejudicial” (Holbrook v Flynn, 475 US 560, 568 [1986]), noting both that "the sight of shackles * * * might have a significant effect on the jury’s feelings about the defendant,” and that "the use of [shackles] is itself something of an affront to the very dignity and decorum of judicial proceedings”. (Supra, quoting Illinois v Allen, 397 US 337, 344 [1970]; see also, Gilmore v Armontrout, 861 F2d 1061 [8th Cir 1988].)
In New York, the Court of Appeals has stated that "[a] defendant is presumed innocent and he is entitled to appear in court with the dignity and self-respect of a free and innocent man.” (People v Roman, 35 NY2d 978, 979.) A fair trial may be denied a defendant charged with the commission of a crime if he is presented in court in shackles, or prison garb, without reasonable grounds for that condition. (People v Gonzalez, 55 AD2d 656 [2d Dept].)
Appellate courts in New York have generally expressed a reluctance to reverse convictions even where the record is clear that the defendant was observed by jurors while in prison garb, leg irons or handcuffs. Thus, no violation has been found in instances where jurors’ opportunity to view a shackled defendant was brief and inadvertant (People v Harper, 47 NY2d 857; People v Mattison, 97 AD2d 621; People v Volpe, 116 AD2d 609), where the Court has given curative instructions which neutralized any possible prejudice (People v Wong, 163 AD2d 738), or where defense counsel has advised the jury during voir dire that the defendant was incarcerated (People v Vivenzio, 103 AD2d 1044).
On the other hand, failure to give curative instructions where the defendant has been shackled throughout the trial, has been held to deprive the defendant of a fair trial, even in the absence of a request (People v Neu, 124 AD2d 885; People v Mixon, 120 AD2d 861), as has the shackling of a defendant in the absence of good and sufficient reason (People v Gonzalez, 115 AD2d 899), where the shackling was based only on the recommendation of a correction officer that the defendant had a record of past assaultive behavior (People v Thomas, 125 AD2d 873; People v Dell’Orfano, 72 AD2d 749).
In the case at bar, the People have failed to advance any compelling reason for the protracted display of the defendant while handcuffed. Rather, this egregious situation, which cannot be characterized as either brief or inadvertent, flowed *512 from the detective investigators’ own decision to diminish security to a level where the defendant could not be transported, visiting upon the defendant the potential prejudice from which such a display might result.
There is a judicial responsibility to prevent unfairness in Grand Jury proceedings, since the Grand Jury is "an arm of the court”. (People v Ianniello, 21 NY2d 418, 424.) CPL 210.35 (5) provides that on a motion to dismiss an indictment under section 210.20 (1) (c), a Grand Jury proceeding is defective when it "fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result”. Under such a standard, it is clear that the circumstances as described, occurring immediately following the defendant’s testifying and just prior to the charge and deliberations, was an inexcusable failure of the People to assure the fairness and justice of the proceedings (People v Ianniello, supra), thus impairing the integrity of those proceedings. Accordingly, the motion to dismiss is granted. The People are granted leave to re-present if they so choose.