■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES H. FELDER, Appellant. (Appeal No. 1.) [607 NYS2d 792] —Judgment unanimously affirmed. Memorandum: By failing to move to dismiss the indictment before trial on statutory speedy trial grounds, defendant waived any argument that he was denied his right to a speedy trial *(see, People v Lawrence,* 64 NY2d 200; *People v White,* 2 NY2d 220, *cert denied* 353 US 969; *People v Maldonado,* 154 AD2d 890, *lv denied* 75 NY2d 772). Defendant was accorded the proper procedure pursuant to CPL 200.60. When defendant chose to remain silent with respect to the previous conviction, the People were entitled to prove the prior conviction because it constituted an element of a charged crime. We reject defendant's argument that the prosecutor's attempt to prove the prior conviction, although unsuccessful, amounted to misconduct. We decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Possession Weapon, 2nd Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES H. FELDER, Appellant. (Appeal No. 2.) [607 NYS2d 793] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. On appeal, defendant raises several issues challenging the validity of the search warrant, none of which requires reversal. Defendant's contentions that the search warrant was executed in contravention of the time requirements set forth in CPL 690.30 (1) and that it was stale when it was executed have not been preserved for our review *(see,* CPL 470.05 [2]).

We reject the contention of defendant that the suppression court erred in denying his motion to obtain the identity and the in camera testimony of the confidential informant *(see, People v Darden,* 34 NY2d 177, 181). Defendant has no unconditional right to be informed of the identity, affidavits or

testimony of a confidential informant. The record reflects that the suppression court reviewed the evidence presented to the issuing Magistrate and found that it supported his finding of probable cause. Thus, the requirement for an independent review of the facts presented was satisfied *(see, People v Fino,* 14 NY2d 160, 163; *People v Diaz,* 147 AD2d 912, *lv denied* 73 NY2d 1014; *People v Delgado,* 134 AD2d 951, *lv denied* 71 NY2d 895).

We agree with defendant that it was error to require him to appear before the Grand Jury in handcuffs. It is well settled that a criminal defendant may not be physically restrained in the presence of a jury unless there is a rational basis, articulated on the record, for the restraint *(see, People ex rel. Washington v Johnson,* 79 NY2d 934, 935; *People v Mendola,* 2 NY2d 270, 275) or "it is clear that the jury was not prejudiced thereby" *(People v Thomas,* 125 AD2d 873, 874; *see, People v Mendola, supra,* at 275). The record contains no facts to justify the restraint of defendant with handcuffs. Reversal is not required on that ground, however, because the prosecutor twice gave cautionary instructions to the Grand Jury, which dispelled any prejudice that may have resulted *(see, People v Greiner,* 156 AD2d 813, 817, *lv denied* 75 NY2d 919).

Defendant further contends that his conviction of criminal possession of a controlled substance in the seventh degree is not supported by legally sufficient evidence. We agree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we conclude that the People failed to establish that defendant exercised dominion and control over the area where the subject drugs were found *(see, People v Francis,* 79 NY2d 925, 926; *see also, People v Manini,* 79 NY2d 561, 573-574). Therefore, we modify the judgment by reversing defendant's conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon and dismissing that count of the indictment.

Finally, we decline to exercise our discretion to modify the sentence imposed upon defendant's conviction of criminal possession of a weapon in the third degree. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Possession Weapon, 3rd Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.