■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON LOPEZ, Appellant. [616 NYS2d 42] —Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered February 22, 1993, convicting defendant, after jury trial, of two counts of robbery in the second degree, and one count each of grand larceny in the fourth degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of from 3½ to 7 years, 3½ to 7 years, 1 year, 1 year, 1 year, and 1 year, respectively, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

Defendant was convicted for an assault committed in concert with two other men during which the victim's imitation leather jacket was taken. Immediately after the first side-bar conference with a prospective juror concluded, defense counsel informed the court that her client wished to waive his *Antommarchi (People v Antommarchi,* 80 NY2d 247) right to be present at any future side-bar discussions with jurors. Counsel stated that she and her client felt it was too prejudicial for defendant to approach the bench flanked by two court officers every time a prospective juror was questioned. However, the court refused to accept a blanket waiver and insisted defendant come forward to issue a separate waiver at each side-bar conference. Defense counsel argued that separate waivers defeated the point of trying to avoid undue prejudice in that defendant would still be repeatedly paraded in front of the jurors with the court officers in tow. The court affirmed its ruling, and defendant was escorted to 55 side-bar conferences during trial.

A defendant may waive his right to be present at his trial, or parts thereof, provided he does so knowingly, voluntarily,

and intelligently *(People v Epps,* 37 NY2d 343, 349-350, *cert denied* 423 US 999; *People v La Barbera,* 274 NY 339, 343-344). This Court recently validated a defendant's waiver of his right to be present at robing room voir dire of individual jurors *(People v Perez,* 196 AD2d 781, 782-784, *lv denied* 82 NY2d 900). A defendant is similarly entitled to waive his right to be present at all potential side-bar voir dire conferences with individual jurors.

It is well settled that an excessive display of security measures adversely affects the presumption of innocence and will not be tolerated absent a clear showing of necessity *(Illinois v Allen,* 397 US 337, 344; *People v Mendola,* 2 NY2d 270; *People v Gonzalez,* 115 AD2d 899, 901, *appeal dismissed* 68 NY2d 995; *People v Gonzalez,* 55 AD2d 656). Even if the security measures employed are viewed as routine, as the People argue, we cannot regard 55 instances as either brief or inadvertent *(People v Harper,* 47 NY2d 857, 858). The evidence establishing defendant's guilt, although sufficient, is not overwhelming *(People v Crimmins,* 36 NY2d 230) and, even if we were to accept the proposition that the error did not deprive defendant of his right to a fundamentally fair trial, harmless error analysis is inappropriate *(People v Neu,* 124 AD2d 885, 886). We therefore conclude that the display of security in this case impermissibly impinged defendant's due process right to the presumption of innocence at trial. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.