■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK RICHARDS, Appellant. [632 NYS2d 540] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered January 3, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

Defense counsel's general motion to dismiss failed to preserve his present contentions that the People failed to prove defendant's guilt beyond a reasonable doubt (*People v Gray*, 86 NY2d 10). In any event, viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), the proof was legally sufficient to establish defendant's guilt of criminal sale of a controlled substance in the third degree. Upon an independent review of the facts, the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490).

The court's *Sandoval* ruling, permitting inquiry of defendant, should he take the stand, as to the dates of occurrence and types of crimes of which he had previously been convicted, while precluding inquiry as to other specific facts, did not constitute an improvident exercise of discretion; the mere fact that his prior convictions were similar to the crimes of which he was charged in the instant case did not bar the prosecution from utilizing the former to impeach his credibility (*People v Arroyo*, 194 AD2d 406, 407, *lv denied* 82 NY2d 751). " 'Our law does not require "the application of any particular balancing process" in *Sandoval* determinations * * * and there are no per se rules requiring preclusion because of the age, nature

and number of a defendant's prior crimes' " (*People v Gray*, 84 NY2d 709, 712, quoting *People v Walker*, 83 NY2d 445, 459, quoting *People v Pollock*, 50 NY2d 547, 550). Nor will the exercise of the trial court's *Sandoval* discretion be disturbed merely because the court did not provide a full account of its reasoning, particularly where, as here, the reasoning can be inferred from the parties' arguments (*People v Walker, supra*).

It was not an improvident exercise of discretion for the court to have admitted defendant's unredacted arrest photograph into evidence in light of the defense contention that defendant had been misidentified and beaten by the police (*see, People v Logan*, 25 NY2d 184, 195-196, *cert denied* 396 US 1020). Defendant did not appear in prison garb (*cf., People v Roman*, 35 NY2d 978), handcuffs or shackles (*cf., People v Neu*, 124 AD2d 885) and did not appear disheveled or disreputable (*cf., People v Black*, 117 AD2d 512). Nothing in the photograph contained information to suggest to the jury that he had a prior arrest record (*see, People v Caserta*, 19 NY2d 18, 21), and the court's limiting instruction, to which defense counsel did not object, dispelled any possible prejudice.

The prosecutor's summation constituted a proper response to that of defense counsel and neither denigrated the defense nor inflamed the passions of the jury (*People v Galloway*, 54 NY2d 396). Although the prosecutor should not have injected his own personal belief as to the veracity of defendant's testimony concerning abuse by the police, the isolated comment does not warrant a reversal of the conviction (*People v Gray*, 202 AD2d 206, *lv denied* 83 NY2d 911). Concur—Murphy, P. J., Rubin, Kupferman and Williams, JJ.