■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC NASH, Appellant. [641 NYS2d 634] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered June 2, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

We reject defendant's likening of the suppression issue to a forcible seizure based on nothing more than an anonymous tip. Here, the apprehending officer, who knew that there had been a serious assault at the premises, was immediately directed to defendant by a crowd upon arriving at the scene and as defendant was rapidly walking away. These circumstances provided a sufficient predicate for the stop and patdown (*People v Cartagena*, 189 AD2d 67, *lv denied* 81 NY2d 1012; *People v Foster*, 209 AD2d 348, *affd* 85 NY2d 1012), without need for further inquiry by the officer of the citizen informants concerning defendant's identity (*People v Green*, 35 NY2d 193). When the officer saw blood on defendant's shoes while patting him down, a basis existed for transporting defendant to the station house, and when, at the station house, defendant was identified by the officer who had first seen him running away from the crime scene, probable cause existed for defendant's arrest. We reject defendant's argument that the unarranged station house identification was suggestive.

*People v Sloan* (79 NY2d 386) does not apply retroactively to this case (*People v Camacho*, 209 AD2d 166, *lv denied* 84 NY2d 1029). In any event, counsel, who expressed concern that the

necessary security arrangements might affect potential jurors, waived his client's presence at robing room voir dire for reasons of strategy (*People v Perez*, 196 AD2d 781, *lv denied* 82 NY2d 900; *cf.*, *People v Lopez*, 207 AD2d 658, *lv denied* 84 NY2d 937); a *Sloan* claim was not properly presented since the subject of the individual voir dires concerned only general bias rather than bias specific to this defendant or this case; and defendant could not have been prejudiced by his absence since none of the venirepersons in question were selected (*People v Starks*, 216 AD2d 120).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.