a controlled substance in the third degree (Penal Law § 220.16 [1]; § 220.39 [1]). He was sentenced as a persistent felony offender to concurrent indeterminate terms of incarceration of 25 years to life on each count. There is no merit to his contention that County Court erred in adjudicating defendant a persistent felony offender. The certificates of disposition attested to by the Clerk of Bronx County stating that defendant previously was convicted of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and manslaughter in the first degree (Penal Law § 125.20) constitute presumptive evidence of those convictions (see, CPL 60.60 [1]). The sentences are not unduly harsh or severe.

There is no merit to defendant's contentions that the convictions are not supported by legally sufficient evidence and the verdicts are contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The People established a proper chain of custody of the contraband (see, People v Wynn, 172 AD2d 1038, lv denied 78 NY2d 928; People v Steiner, 148 AD2d 980, 981).

The court did not err in refusing to conduct a Wade hearing. Defendant failed to demonstrate a legal or factual basis for suppression (see, CPL 710.60 [3]; People v Rodriguez, 79 NY2d 445, 452). Likewise, the court properly struck as irrelevant the testimony of a defense witness and properly precluded on hearsay grounds the testimony of another defense witness.

Defendant failed to preserve for our review his contention that the prosecutor improperly asked him during cross-examination whether a prosecution witness was a liar and inquired about defendant's pending civil suit against the City of Utica (see, People v Edwards, 167 AD2d 864, lv denied 77 NY2d 877), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

We agree with defendant that the court erred by deferring to the recommendation of court officers and in directing, over defendant's objection, that a defense witness testify while in shackles (see, People v Gonzalez, 115 AD2d 899, 901, appeal dismissed 68 NY2d 995) and without otherwise setting forth a justifiable basis for its decision (cf., People v La Boy, 91 AD2d 1102, 1103). We conclude, however, that defendant was not denied a fair trial (cf., People v Gonzalez, supra). (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER COMPTON, Appellant. (Appeal No. 2.) [715 NYS2d

680] —Judgment unanimously affirmed. Same Memorandum as in *People v Compton* ([appeal No. 1] 277 AD2d 913 [decided herewith]). (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ The People of the State of New York, Respondent, v Christopher Compton, Appellant. (Appeal No. 3.) [715 NYS2d 680] —Judgment unanimously affirmed. Same Memorandum as in *People v Compton* ([appeal No. 1] 277 AD2d 913 [decided herewith]). (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ The People of the State of New York, Respondent, v John M. Jackson, Also Known as Jack, Appellant. [715 NYS2d 134] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession and criminal sale of a controlled substance in the third degree (Penal Law § 220.16 [1]; § 220.39 [1]). We reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). Contrary to defendant's contention, defense counsel requested a *Ventimiglia* hearing and successfully precluded use of evidence of other crimes. Defense counsel was not ineffective for failing to request an accomplice charge with respect to the informant. Such a charge was not warranted because the informant was not an accomplice; he acted as an agent of the police, and therefore lacked the intent to commit the crimes with which defendant was charged (*see, People v Bedoya*, 122 AD2d 545, *lv denied* 68 NY2d 998). It is evident from defense counsel's opening and closing statements that the defense strategy was to deny that the cocaine was defendant's, and we will not second-guess whether that strategy "was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*People v Satterfield*, 66 NY2d 796, 799-800). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ The People of the State of New York ex rel. Richard Bouknight, Appellant, v Joseph McCoy, as Superintendent of Cayuga Correctional Facility, Respondent. [715 NYS2d 355] —Judgment unanimously affirmed without costs (*see, People ex rel. Santoro v Hollins*, 273 AD2d 829). (Appeal from Judgment