■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES COWAN, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 8, 1987, convicting defendant of conspiracy in the second degree, criminal sale of a controlled substance in the first and second degrees, and two counts of criminal sale of a controlled substance in the third degree, for which he was sentenced to 15 years to life and lesser concurrent terms, unanimously affirmed.

Defendant was convicted of participating in several drug transactions with undercover officers over an extensive period of time in the Clinton Hill section of Brooklyn. At trial, during deliberations, the jury sent out a note which requested the names of the police witnesses who took the various videotapes that had been introduced into evidence, and the dates on which each videotape had been taken. At a sidebar conference, all attorneys and the prosecutor agreed with the court that the requested information would be written down and sent to the jury. There is no indication that defendant was not present in the courtroom during this period of time. The court sent the written information to the jury, which received the information out of defendant's presence. On appeal, defendant now raises a claim grounded in CPL 310.30. However, we note not only that there existed no issue at trial as to how the note would be answered, but, more significantly, by linking a particular witness with a particular item of evidence, the court was engaging in only a ministerial act. The exchange in question imparted no information or instruction to the jury within the meaning of CPL 310.30 *(see, People v Harris,* 76 NY2d 810).

With respect to defendant's *Rosario* claim, the relevant materials were disclosed during trial, albeit in an untimely manner. However, trial counsel's only application was to seek continuances until the *Rosario* material was received. There is no indication that any of the attorneys were precluded from cross-examining the respective witnesses on the basis of the untimely *Rosario* materials. Trial counsel never objected at trial that defendant's right to a fair trial had been violated, sought sanctions, or moved to preclude testimony or for a mistrial. Defendant failed to preserve this claim as a matter of law, and in any event defendant was not prejudiced by the untimely disclosures *(People v Martinez,* 71 NY2d 937).

Defendant's challenge to the court's submission of an instruction that the jury should not draw any adverse inference as a result of defendant's failure to testify is similarly unpreserved *(People v Autry,* 75 NY2d 836). In any event, we have

found no basis for reversal with respect to similar instructions *(see, People v Diggs,* 151 AD2d 359, *lv denied* 76 NY2d 787). We have examined defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.