■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS IGLESIAS, Appellant.—Judgment, Supreme Court, Bronx County (Fred W. Eggert, J.), rendered October 24, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of imprisonment of 10 to 20 years, unanimously affirmed.

Defendant contends that he was deprived of a fair trial by the prosecutor's failure in three instances to turn over *Rosario* material in a timely fashion (CPL 240.45). Except with respect to the homicide detective's notes, counsel did not seek any remedy from the court, and in each instance specifically refused the opportunity to recall any witness for further cross-examination. Thus, for the most part, the issue has not been preserved *(People v Cowan,* 169 AD2d 670, *lv denied* 78 NY2d 964). In any event, while counsel was justified in vigorously protesting the untimely production of this material, defendant failed to articulate, let alone demonstrate, the substantial prejudice required to warrant reversal on this ground *(People*

*v Ranghelle,* 69 NY2d 56). Nor does he do so even now on appeal.

Defendant's claim that he should have been given time to locate a key witness is not only questionably preserved, but, in view of the extensive testimony regarding the People's attempt to locate the witness, it is clear that there was no abuse of discretion *(People v Shepard,* 162 AD2d 226, *lv denied* 76 NY2d 944). Nor did defendant assert that he had information that would make the attempt to locate the witness more likely to be successful. Thus, there was no reason to suppose that any purpose would be served by delaying the proceedings in order to look further for the witness *(People v Moutinho,* 146 AD2d 650, 651, *lv denied* 73 NY2d 980).

Finally, there is no merit to defendant's claim that the indictment should have been dismissed due to two alleged errors in the Grand Jury proceedings. Concur—Carro, J. P., Ellerin, Kupferman and Asch, JJ.