■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JONES, Appellant. [607 NYS2d 236] —Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered March 12, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, defendant's guilt was proven beyond a reasonable doubt by overwhelming evidence (People v Bleakley, 69 NY2d 490).

When a previously undisclosed narcotics envelope, containing the undercover officer's one-word description of defendant's clothing, first surfaced during cross-examination of the undercover officer, but after defense counsel had already asked the undercover a question, apparently predicated on the assumed non-existence of such a description, defense counsel's vague protest, which neither articulated any prejudice nor called for a mistrial, failed to preserve the issue (People v Rogelio, 79 NY2d 843; People v Iglesias, 184 AD2d 432, lv denied 80 NY2d 930), and we decline to review it in the interest of justice. Were we to review, we would find it without merit because defendant has still not shown that the delay in disclosure of this Rosario material caused substantial prejudice (People v Martinez, 71 NY2d 937, 940), especially since defendant was able to exploit the delayed disclosure.

We have reviewed defendant's other arguments and find them to be both unpreserved and without merit. Concur— Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.