■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JACKSON, Also Known as JOSEPH E. JACKSON, Appellant. [634 NYS2d 50] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered December 14, 1993, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of $8^1/_3$ to 25 years, unanimously affirmed.

The fact that defendant was apprehended while incarcerated on another matter was an integral part of both the prosecution and defense cases. When a detective inadvertently violated a ruling in limine on the subject, the court gave prompt curative instructions.

The prosecutor violated the *Sandoval* ruling, but the prior crime elicited, robbery, did not go farther in suggesting a propensity to commit the homicide charged in this case than did the properly elicited fact of defendant's incarceration. Any prejudice was therefore minor, making reversal on this basis unwarranted.

Although there were inappropriate delays in providing *Rosario* material, the materials were disclosed at a time when they were useful to the defense, defense counsel did not articulate specific prejudice arising therefrom, and, we find no specific prejudice warranting reversal upon our own review of the record (*People v Jones*, 200 AD2d 451, *lv denied* 83 NY2d 854; *People v Forrest*, 163 AD2d 213, *affd* 78 NY2d 886).

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining contentions which are largely unpreserved and in any event do not require reversal. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.