■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIAN CARR, Appellant. [643 NYS2d 50] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered April 12, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's Rosario claim is unpreserved as a matter of law, since, at trial, he did not request any sanctions (see, People v Jones, 200 AD2d 451, lv denied 83 NY2d 854), and we decline to review the claim in the interest of justice. In any event, if we were to review, we would find that defendant was not prejudiced by the delayed production of this material, which the prosecutor herself did not know existed until a police officer testified about it, and which defense counsel was given ample opportunity to inspect and consider and thereupon to cross-examine the witness (see, People v Witherspoon, 156 AD2d 306, 308-309, affd 77 NY2d 95, cert denied sub nom. Carter v New York, 499 US 967). Furthermore, the material was not needed to connect the bill to defendant and render it admissible, the officer's testimony, that he placed the buy money in an envelope marked with defendant's name immediately after the arrest and that the money was subsequently vouchered at the station house, being sufficient by itself for that purpose. We have reviewed defendant's claim that the court's Sandoval ruling, permitting questioning of defendant about the existence of his two prior drug-related convictions without inquiry

into the underlying facts, was an abuse of discretion, and find it to be without merit (see, *People v Richards*, 220 AD2d 268; see also, *People v Pavao*, 59 NY2d 282, 292). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.