OPINION OF THE COURT
Joel L. Blumenfeld, J.
The first three branches of defendant’s motion seeking *726 court-ordered discovery and a bill of particulars pursuant to CPL 240.40 and 200.95 are denied for failure of the defendant to demonstrate that he has served a timely demand for said material upon the People and that the People have refused to comply therewith.
The fourth branch of defendant’s motion for the inspection and transcription of the Grand Jury minutes and dismissal of the indictment is granted to the extent that the court has examined the Grand Jury minutes and finds that there was not sufficient legal evidence adduced to sustain the indictment.
The court has also undertaken an examination of the District Attorney’s charge and finds that the Grand Jury was not properly instructed on the applicable law. The court finds that the release of the Grand Jury minutes for defendant’s inspection is unwarranted at this time.
The testimony before the Grand Jury in the light most favorable to the People was that Corey Lawson and the defendant had fought in June 1993.
On September 27, 1993, while Corey Lawson was with his friends Junius Crawford and Damian Forrest there was a chance meeting with the defendant and three of his friends by Richmond Hill High School (where none of them attended) at about 2:30 p.m.
After the defendant approached Corey Lawson, and discussed a girl they knew, the defendant allegedly brought up the June fight and said "we did you before and we’ll do you again” to Mr. Lawson. Lawson testified that the defendant asked him to put up his hands and as the defendant approached him, Lawson kept backing up.
While the defendant was unsuccessfully trying to engage Mr. Lawson in a fight, an individual Mr. Lawson called "the stabber” pulled out an object and came toward Mr. Lawson with it. Mr. Lawson kept backing up as the stabber tried to get Mr. Lawson. He missed and ended up stabbing Junius Crawford with the weapon which turned out to be a screwdriver. After Junius Crawford went down with the screwdriver stuck in him, and prior to departing the scene, Mr. Lawson stated that the defendant kicked and punched Junius while he was down. Damian Forrest also testified to the same effect that the defendant was not the stabber.
The defendant was indicted for acting in concert with others to commit the crimes of attempted murder in the second *727 degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). All three crimes charged are intentional crimes.
As a factual issue, the stabber could be properly indicted for the criminal possession of a weapon in the fourth degree count of the indictment as it appears that he possessed the screwdriver with the intent to commit a crime (i.e., strike Corey Lawson with it). However, there was no testimony that showed that the stabber’s intent was to cause death or serious physical injury to Junius Crawford (as opposed to Corey Lawson), the victim in this case, which are the theories underlying the attempted murder in the second degree and assault in the first degree counts.
The more appropriate charges for the stabber might be a depraved indifference theory, assault in the first degree (Penal Law § 120.10 [3]) or reckless assault in the second degree (Penal Law § 120.05 [4]).
However, whether or not the individual charges are appropriate for the stabber, because of the improper and misleading instruction on "acting in concert” given to the Grand Jury, the indictment must be dismissed in its entirety as against the defendant, with leave for the People to re-present this matter to another Grand Jury.
The Assistant District Attorney’s charge was as follows: "Acting in Concert is when two or more people are acting according to a preconceived or present plan of scheme to violate the law. Each is the accomplice of the other and the act of one becomes the act of the other. What’s done by either in furtherance of the unlawful act is chargeable to each. The law attaches no significance to the person who takes the more important part in the transaction.”
This is the same charge that the same Assistant gave in the case of People v Agarrat (index No. 4591/93) which necessitated this court’s dismissal of six counts of that indictment with leave to re-present. Unfortunately, it is not just this Assistant who uses this charge. Virtually all acting in concert charges this court has seen appear to be identical with the same grammatical error of "present plan of scheme.”
This is an incorrect statement of the law. Both the defendant and the stabber could have a present plan to violate the law by beating up Corey Lawson. Their intent would be to commit assault in the third degree. However, it is incorrect *728 and misleading to tell the Grand Jury that "each is the accomplice of the other and the act of one becomes the act of the other and what’s done by either in furtherance of the unlawful act is chargeable to each.”
If the defendant’s intent was only to commit "assault in the third degree” then the stabber’s acts of either attempted murder in the second degree or assault in the first degree are not attributable to the defendant and his acts are not the defendant’s under section 20.00 of the Penal Law. Under the form acting in concert charge used by the District Attorney’s office, the Grand Jury can be misled into believing that they are.
Under section 20.00 of the Penal Law, the appropriate charge is: "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.”
In short, the defendant and the stabber must be shown to have the identical intent that a specific crime be committed and that the defendant either solicited, requested, commanded, importuned or intentionally aided the stabber in committing the specific crime.
The import of this decision should be clear. This incorrect charge is not simply given by this Assistant, but by virtually all Assistants appearing before the Grand Jury. Unless the form used is changed, countless other indictments may very well have to be re-presented.
Accordingly, the indictment is dismissed with leave for the People to re-present the matter to another Grand Jury within 45 days. The People may wish to consider what criminal offense, if any, was committed by the defendant’s alleged kicking and punching Junius Crawford while he was lying on the ground with a screwdriver protruding from his body.
The moving papers fail to state sufficient grounds for further relief. This branch of the defendant’s motion is denied in all other respects.
The fifth through seventh branches of the defendant’s motion are granted to the extent that Huntley-Wade-Dunaway hearings are to be held prior to trial.
*729 The eighth branch of the defendant’s motion requesting an extension of time to file additional motions is denied for failure of defendant to assert grounds pursuant to CPL 255.20 (3).