680] —Judgment unanimously affirmed. Same Memorandum as in *People v Compton* ([appeal No. 1] 277 AD2d 913 [decided herewith]). (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER COMPTON, Appellant. (Appeal No. 3.) [715 NYS2d 680] —Judgment unanimously affirmed. Same Memorandum as in *People v Compton* ([appeal No. 1] 277 AD2d 913 [decided herewith]). (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. JACKSON, Also Known as JACK, Appellant. [715 NYS2d 134] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession and criminal sale of a controlled substance in the third degree (Penal Law § 220.16 [1]; § 220.39 [1]). We reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). Contrary to defendant's contention, defense counsel requested a *Ventimiglia* hearing and successfully precluded use of evidence of other crimes. Defense counsel was not ineffective for failing to request an accomplice charge with respect to the informant. Such a charge was not warranted because the informant was not an accomplice; he acted as an agent of the police, and therefore lacked the intent to commit the crimes with which defendant was charged (*see, People v Bedoya*, 122 AD2d 545, *lv denied* 68 NY2d 998). It is evident from defense counsel's opening and closing statements that the defense strategy was to deny that the cocaine was defendant's, and we will not second-guess whether that strategy "was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*People v Satterfield*, 66 NY2d 796, 799-800). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD BOUKNIGHT, Appellant, v JOSEPH McCOY, as Superintendent of Cayuga Correctional Facility, Respondent. [715 NYS2d 355] —Judgment unanimously affirmed without costs (*see, People ex rel. Santoro v Hollins*, 273 AD2d 829). (Appeal from Judgment