THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON EAST, Appellant. [728 NYS2d 608] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [2]) and gang assault in the first degree (Penal Law § 120.07), defendant contends that his conviction is not supported by legally sufficient evidence. We disagree. "[C]ourts must review the sufficiency of the evidence in light of the law on which the jury was instructed" (*People v Lynch,* 95 NY2d 243, 248; *see, People v Sala,* 95 NY2d 254, 260) and must view the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621). Here, the jury was instructed that "[a] defendant charged with homicide or murder, manslaughter, [*sic*] cannot escape liability merely because the wound inflicted did not cause immediate death. It is sufficient if the wound inflicted was the legal cause of death, that is if it started a chain of causation which was the competent producing cause of death. If death was not caused by the defendant's infliction of trauma, but by an independent supervening cause, the defendant's conduct would not be the competent producing cause of death." The evidence at trial establishes that the cause of death was an aneurysm related to the beating of the victim by defendant and others. Defendant's own expert testified that the death of the victim was caused by "interrelated cause and effect abnormalities beginning with traumatic injury to his brain." Thus, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" with respect to causation (*People v Bleakley,* 69 NY2d 490, 495). Further, a single vicious beating under the circumstances of this case is legally sufficient to establish that defendant's conduct evinced a depraved indifference to human life (*see, People v La Mountain,* 155 AD2d 717, 719-720, *lv denied* 75 NY2d 814; *see also, People v Jones,* 211 AD2d 645, 645-646, *lv denied* 85 NY2d 863).

The evidence is also legally sufficient to establish that defendant was "aided by two or more persons actually present" to support the conviction for gang assault in the first degree (Penal Law § 120.07). Viewed in the light most favorable to the People (*see, People v Contes, supra,* at 621), the evidence establishes that at least four persons in the group assaulted the victim and that, as charged to the jury, even more were "in a position to render immediate assistance to a person participating in the assault." The evidence is also legally sufficient to establish that defendant "shared a 'community of purpose' with his companion[s]" when they each kicked the victim in

the head (*People v Allah,* 71 NY2d 830, 832; *see, People v Whatley,* 69 NY2d 784; Penal Law § 20.00). We further conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

We reject defendant's further contention that County Court committed reversible error by its evidentiary rulings. The court did not err in refusing to admit the victim's medical records until such time as an expert witness testified that he relied on those records. The court also did not err in redacting portions of the medical records where the source of the information was unknown (*see, People v Townsley,* 240 AD2d 955, 957, *lv denied* 90 NY2d 943, 1014; *cf., People v Thomas,* 282 AD2d 827). Because defendant was known to the lay witnesses, the court properly denied defendant's motion to strike their identifications of defendant (*see, People v Russell,* 165 AD2d 327, 332, *affd* 79 NY2d 1024). The court did not abuse its discretion in permitting expert testimony from a neuropathologist who examined the victim's brain (*see generally, People v Hill,* 85 NY2d 256, 261).

By failing to object to the court's delay in giving an impeachment charge with respect to two witnesses, defendant has failed to preserve for our review his present challenge to the timing of that charge (*see,* CPL 470.05 [2]). We decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The court's charge on consciousness of guilt "as a whole adequately conveyed to the jury the appropriate standards" (*People v Adams,* 69 NY2d 805, 806), and the court did not abuse its discretion in denying defendant's request to include language from *People v Sabbat* (159 Misc 2d 725) and *People v Russell* (91 NY2d 280) in charging the jury. Neither case is factually similar. We also reject the contention of defendant that the court erred in denying his request for an identification charge. Defendant was a friend of the witnesses who identified him at trial. In any event, there is no "significant probability * * * that the jury would have acquitted the defendant" had such a charge been given (*People v Crimmins,* 36 NY2d 230, 242). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.