■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIZ MATTA, Appellant. [731 NYS2d 120] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [2]) and gang assault in the first degree (Penal Law § 120.07), defendant contends that the conviction is not supported by legally sufficient evidence. We disagree. The evidence at defendant's joint trial with two codefendants establishes that the victim's death was caused by an aneurysm related to the beating of the victim by defendant and others, including codefendant Aaron East (*see, People v East*, 284 AD2d 962). The defense expert testified that the victim's death was caused by "interrelated cause and effect abnormalities beginning with traumatic injury to his brain." Thus, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" with respect to causation (*People v Bleakley*, 69 NY2d 490, 495; *see, People v East, supra*). The evidence establishes that defendant was "aided by two or more other persons actually present" and thus is legally sufficient to support the conviction of gang assault in the first degree (Penal Law § 120.07; *see, People v East, supra*).

We reject defendant's further contention that County Court committed reversible error by its evidentiary rulings. The court did not err in redacting portions of the victim's medical records and in refusing to permit a doctor to testify about what he was told regarding the cause of the victim's injuries because "the source of the information was unknown" (*People v East, supra*, at 963). The court also properly refused to admit a witness' supporting deposition in evidence and precluded testimony by that witness about a conversation she allegedly had with the victim because both the deposition and the testimony about the conversation constituted hearsay and neither fell within any recognized exception to the hearsay rule (*see generally, People v Nieves*, 67 NY2d 125, 131).

Contrary to defendant's contention, the court's *Sandoval* ruling did not constitute an abuse of discretion (*see generally, People v Sandoval*, 34 NY2d 371). The court properly balanced the probative worth of evidence concerning defendant's prior crimes and bad acts against the potential for undue prejudice to defendant (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Laraby*, 219 AD2d 817, *lv denied* 88 NY2d 849, 937).

Defendant contends for the first time on appeal that the *Miranda* warnings were insufficient and not properly administered and that he was unable to understand the warnings completely. Thus, those contentions are not preserved for our review (*People v Robinson*, 231 AD2d 927, *lv denied* 89 NY2d 929), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Defendant waived his present contention that the court should have charged the jury that certain witnesses were accomplices as a matter of law because his attorney "specifically request[ed] that the court not charge the jury on corroboration" (*People v South*, 233 AD2d 910, *lv denied* 89 NY2d 989; *see*, *People v Durio*, 175 AD2d 842, 844, *lv denied* 78 NY2d 1075, 79 NY2d 826). We further conclude that defense counsel's request, made as a matter of trial strategy, did not deprive defendant of effective assistance of counsel (*see*, *People v Satterfield*, 66 NY2d 796, 799-800; *People v Jackson*, 277 AD2d 915). Based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant was afforded meaningful representation (*see*, *People v Baldi*, 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.