People v Campbell (2018 NY Slip Op 01078)





People v Campbell


2018 NY Slip Op 01078


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-03977
 (Ind. No. 1461/10)

[*1]The People of the State of New York, respondent,
v
Sandino Campbell, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Laurie K. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan Honorof, J.), rendered April 28, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed to request an accomplice charge as to one of the witnesses is without merit. Counsel will not be deemed ineffective for failing to pursue an argument that has little or no chance of success (see People v Flowers, 28 NY3d 536, 541; People v Ennis, 11 NY3d 403, 415; People v Caban, 5 NY3d 143, 152). There was no basis for the Supreme Court to give an accomplice charge because there is no evidence in the record which would support a finding that the witness was an accomplice. Therefore, counsel was not ineffective for failing to request such a charge (see People v White, 26 NY2d 276; People v Jackson, 277 AD2d 915). Moreover, the evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that trial counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The remaining contention raised in the defendant's main brief is unpreserved for [*2]appellate review and, in any event, without merit.
The defendant's contention in his pro se supplemental brief that the People failed to timely serve sufficient CPL 710.30 notice is unpreserved for appellate review. In any event, this contention is without merit, since the People timely served the defendant with proper notice pursuant to CPL 710.30 and, even in the absence of such notice, the statutory exception to the rule requiring preclusion of the subject identification evidence would have applied, as the defendant moved for suppression of the identification evidence and that motion was denied (see CPL 710.30[3]; People v Amparo, 73 NY2d 728). The defendant's contention that counsel was ineffective for failing to raise an issue as to the timeliness and sufficiency of the CPL 710.30 notice is also without merit.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court