■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRYPHINA XX., Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Vogt, J.), ren-

dered June 12, 1989, which sentenced defendant upon her adjudication as a youthful offender.

Defendant was employed at the Sears Department Store in the Town of Colonie, Albany County, as a telephone order clerk in the catalog department. She was indicted for fourth degree grand larceny, fifth degree conspiracy and petit larceny, all in connection with alleged thefts from Sears. The theory of the prosecution's case regarding the grand larceny and conspiracy counts was that defendant intentionally aided Ovid Thomas, a coemployee, in stealing catalog merchandise consisting of, *inter alia,* a tool set worth upwards of $3,000. The petit larceny count was based upon an alleged direct misappropriation by defendant of Sears catalog merchandise on June 10, 1988.

The catalog goods for which defendant accepted telephone orders were shipped from a Sears warehouse facility in Pennsylvania to the Colonie store to be picked up by the customer at one of two areas in the store designated for that purpose, paid for and then removed from the store by the buyer. The processing of each such transaction was computerized through entries defendant made at the time of taking the orders, consisting of the customer's name, address, telephone number, and the description and catalog number of the desired merchandise. Each order entered by defendant also contained her employee identification number. Defendant's participation in the theft came to light when it was discovered through an inventory search that catalog-ordered merchandise was missing and unpaid for and that the orders corresponding to the missing merchandise bore defendant's employee identification number, but that the customers' names, addresses and telephone numbers on the orders were fictitious. At the conclusion of the trial, defendant was found guilty of fourth degree grand larceny and petit larceny and was granted youthful offender treatment.

At the outset, we reject defendant's contention that the evidence was insufficient to establish commission of the two larcenies. The jury could readily find that defendant's oral and written inculpatory statements cumulatively constituted a full confession that she intentionally aided Thomas in the theft of two tool sets and other items, and that she also personally took merchandise from the store without intending to pay for it. The testimony of the Sears catalog department supervisor as to the price of the tool set was sufficient to establish the requisite value of the stolen item in excess of $1,000 for purposes of defendant's fourth degree grand larceny

conviction *(see,* Penal Law § 155.30; *People v Felder,* 134 AD2d 902, 902-903, *lv denied* 70 NY2d 954). Defendant's confession would make her criminally responsible for the theft of the tool set by Thomas by intentionally assisting him to commit the crime *(see,* Penal Law § 20.00).

It follows from the foregoing that defendant's statements and the proof of value of the tool set were sufficient to support the grand larceny conviction providing there was corroborating evidence that the theft of the tool set was actually committed *(see,* CPL 60.50). The statutory corroboration requirement is met by "proof, of whatever weight, that a crime was committed by someone" *(People v Daniels,* 37 NY2d 624, 629). Here, there was amply sufficient circumstantial evidence to satisfy this minimal standard. Notably, the proof of a tool set ordered from the catalog under a fictitious name, address and telephone number which was missing and unpaid for, and the conduct of Thomas in returning an apparently unused similar Sears brand tool set to the company security office immediately upon being confronted with defendant's statements inculpating him, directly gives rise to and logically supports an inference that the merchandise was stolen *(see, People v Barnes,* 50 NY2d 375, 380-381; *People v Kennedy,* 47 NY2d 196, 202-203). Thomas' act in returning a tool set resembling the missing merchandise upon being accused of the theft was not a verbal act and, thus, its admissibility was not barred by the hearsay rule *(see, People v Salko,* 47 NY2d 230, 239; *People v Riviello,* 111 AD2d 878, 878-879, *lv denied* 65 NY2d 929). Because the Sears security officer who received the tool set from Thomas could testify to that transaction, the photographs of the same tool set, identified as such by the security officer, were also admissible.

Regarding the petit larceny count, defendant was observed using the computer system to obtain the location of ordered catalog merchandise in a specific bin at the front of the customer pickup area. She then went to the bin, picked up a package, walked to the rear of the pickup area, placed the package in another bin and left the store. In about 15 minutes, she returned to the catalog area and was brought to the security office for questioning. She admitted that she intended to retrieve the package later in the day and leave the store without paying for it. The order for that merchandise contained a fictitious customer name, address and telephone number. We think that defendant's actions in removing merchandise from the bin at the front of the pickup area, where its location was discoverable through the computer system,

carrying it to the rear of the area and then placing it in a bin where its location would not have been revealed by computer, was an exercise of dominion and control sufficiently inconsistent with the rights of the owner so as to satisfy the "taking" element of the crime of larceny *(see,* Penal Law § 155.05 [1]; *People v Olivo,* 52 NY2d 309, 318). This and other proof, including defendant's admission, established all of the other elements of petit larceny.

We have reviewed defendant's other grounds for reversal and find them equally unavailing. Accordingly, the adjudication of defendant as a youthful offender should be upheld in all respects.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.