■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY D'ANDREA, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered September 28, 1990, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant was indicted for assault in the first degree and assault in the second degree for allegedly repeatedly stabbing a prostitute in the City of Schenectady, Schenectady County, on July 21, 1989. Prior to trial, a *Sandoval* and *Ventimiglia* hearing was held. At trial, the victim related that she entered defendant's car after she agreed to perform oral sex for $20. However, after parking on a secluded street, defendant pulled out a knife and told the victim that she "was going to have to do it for free". When the victim tried to escape from defendant's car, she fell to the ground and defendant proceeded to stab her. Defendant took the stand in his own defense and admitted that he contracted with the victim for her services, but he claimed that the knife belonged to the victim and that she tried to rob him after he parked the car. According to defendant, a struggle ensued during which he pushed the victim out of the car and he then drove off. Defendant testified that he never saw that the victim was cut by the knife and he never stabbed her. Following the conclusion of all evidence, defendant was found guilty of assault in the first degree and was sentenced to 5 to 15 years' imprisonment. Defendant now appeals his conviction.

Initially, we reject defendant's contention that County Court erred in allowing another Schenectady prostitute (hereinafter the witness) to testify at trial about an encounter she had with defendant. According to the witness, after defendant paid her for sexual services in his car on December 16, 1987 he stabbed her without provocation. In its jury charge, County Court instructed the jury that evidence of these uncharged crimes was admissible solely for the limited purpose of possi-

bly establishing either defendant's intent to commit the charged crimes or to show defendant's common scheme or plan *(see, People v Molineux,* 168 NY 264; *see also, People v Richardson,* 137 AD2d 105, 107). Significantly, at trial defendant testified that he had no intent whatsoever to stab the victim and if she did get hurt during her struggle with him, it happened accidentally because of his attempts to defend himself. This testimony unquestionably put the question of defendant's intent at issue *(see, People v Ingram,* 71 NY2d 474, 479-481). As a result, the testimony from the witness was probative of the fact that defendant did not accidentally or mistakenly stab the victim, but rather had the intent to cause serious injury in the subject instance just as he allegedly did on the prior occasion involving the witness.

With respect to the question of whether this evidence was appropriately considered as showing a possible common scheme or plan on defendant's part to assault prostitutes, we find that there was no reversible error in County Court's decision to allow the jury to alternatively consider it for that purpose also. While the similarity between two crimes is not alone sufficient to prove a common scheme or plan, we note that both the victim and the witness were prostitutes who were stabbed at some time after they agreed to perform the same sexual act on defendant. Additionally, one of the remarks defendant made to the victim could be construed as indicating that defendant had a grudge against prostitutes and had a " 'preconcerted general plan' " *(People v Fiore,* 34 NY2d 81, 85, quoting *People v Grutz,* 212 NY 72, 79) to stab them *(see, People v Washpun,* 134 AD2d 858, *lv denied* 70 NY2d 1012). Consequently, the jury was properly permitted to consider the evidence as probative of either defendant's intent or common scheme or plan.

The remaining issues raised by defendant have been examined and have been found to be unpersuasive. Defendant's objections to the prosecutor's cross-examination of defendant at trial are either meritless or found to be harmless error in light of the overwhelming proof at trial of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). We are similarly unpersuaded by defendant's argument that his sentence to the longest allowable term for assault in the first degree was harsh or excessive. Given the heinous nature of the crime, we cannot agree that County Court abused its discretion in this area and see no reason to disturb the sentence imposed *(see, People v Cobian,* 185 AD2d 452).

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.