[619 NYS2d 901]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHILLIP LAMENDOLA, Respondent.

Fourth Department, November 16, 1994

### APPEARANCES OF COUNSEL

*Robert C. Noonan, District Attorney* of Genesee County, Batavia *(David E. Gann* of counsel), for appellant.

*John F. Speranza,* Rochester, for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

The People appeal from an order of Genesee County Court that granted defendant's motion to suppress evidence seized pursuant to a search warrant that had been issued based in part upon information acquired from Federally authorized pen registers. In granting the motion, the court relied upon the recent Court of Appeals decision in *People v Bialostok* (80 NY2d 738). The sole issue on appeal, one of first impression in the appellate courts of this State, is whether the rule enunciated in *Bialostok* should be applied retroactively.

A "pen register" is a device that records or decodes electronic or other impulses that identify the numbers dialed or otherwise transmitted on a telephone line (CPL 705.00 [1]). In order to install a pen register, CPL 705.10 requires that the police must obtain a judicial order based on reasonable suspicion; no warrant is required. However, if the pen register equipment has the capability of monitoring conversations, then a warrant based upon probable cause is required because it is considered an "eavesdropping device" *(see,* CPL 700.15).

After obtaining an order from a United States Magistrate, police began monitoring the telephone lines at defendant's home. The pen registers recorded a large volume of calls around dates of scheduled football and basketball games. Those dates coincided with times a confidential informant had been told by defendant that he could make bets.

In the application for the search warrant, the investigator stated the facts that were relied upon in the pen register applications: that he observed the confidential informant dial defendant's number to make an appointment; that the investigator equipped the informant with a radio transmitter, went with him to defendant's residence and waited outside; that he heard someone who called himself "Phil" (defendant's name is Phillip) tell the informant the time and place to meet for exchanging money on winning and losing bets and the best times to call to place bets; and that the investigator later listened in on an extension telephone as bets were placed by

the informant. Based upon that information, police sought and obtained an order for a series of "pen registers", as well as tap and trace orders for the phone numbers at defendant's home.

Pursuant to CPL 240.20 (1) (h), defendant requested disclosure of information regarding whether the pen register equipment utilized by the police had the additional capability of monitoring conversations. The District Attorney conceded that the equipment used was capable of monitoring conversations, but asserted that the audio capabilities were not utilized or activated during the investigation of defendant's activities. Defendant moved to suppress the evidence seized as a result of the search warrant because no warrant had been issued for the pen registers that had the capacity to be used as an eavesdropping device.

In *People v Bialostok* (80 NY2d 738, *supra)*, the Court held that a pen register having the additional capacity to monitor conversations should be treated as an eavesdropping device (CPL art 700) and was authorized only pursuant to a warrant.

The People contend that *Bialostok (supra)* should be applied prospectively only. They express a concern that, because of the widespread use of audio-capable pen registers, the retroactive application of the *Bialostok* rule would jeopardize many pending investigations. Furthermore, the People maintain that *Bialostok* should not apply retroactively because it expressed only State statutory rather than Federal constitutional concerns.

Defendant responds that the *Bialostok* rule is inextricably based on Federal constitutional concerns, and, as such, retroactivity is required. Furthermore, defendant asserts that, even if there are no Federal constitutional concerns, retroactivity is required because *Bialostok* does not constitute a "new" rule.

We concur with County Court "that the issue of statutory construction in *Bialostok ([supra,* at] 744), was not based on a violation of the statute and did not rest solely on state law (cf. People v. Mitchell, [80 NY2d 519], 526-527); but must be considered in light of both the federal and state ' "constitutional guarantees against search and seizure that the statute seeks to protect" ' (People v. Bialostok, supra at 745; quoting, People v. Washington, 46 NY2d 116, 121; United States Constitution, Fourth Amendment; New York Constitution, Article I, § 12)."

The Court of Appeals has recently reviewed the principles applicable to determining when a rule applies retroactively

*(see, People v Favor,* 82 NY2d 254; *People v Mitchell,* 80 NY2d 519, *supra; see also, People v Pepper,* 53 NY2d 213, *cert denied* 454 US 967; *People v Morales,* 37 NY2d 262). It has long been the practice on appellate review that cases are decided in accordance with the law as it exists at the time the decision is made *(People v Favor, supra,* at 260). In the aforementioned cases, the Court of Appeals has announced a bright-line rule for determining whether a new rule applies retroactively *(see, People v Mitchell, supra).* If a new rule involves Federal constitutional principles, it must be applied retroactively, as dictated by the United States Supreme Court in *Griffith v Kentucky* (479 US 314). On the other hand, if a new rule is based solely upon State law, and no Federal constitutional principles are involved, in order to determine whether the rule is to be applied retroactively or prospectively, the court must examine the three factors set forth in *People v Pepper (supra).* Because Federal constitutional principles are involved in this case, it is not necessary to explore the factors enumerated in *Pepper.*

The *Bialostok* determination was grounded on the fact that the pen register involved there, as is the case here, was capable of overhearing conversations and thus violated the legitimate privacy expectations protected by the Fourth Amendment *(see, Katz v United States,* 389 US 347; *Berger v New York,* 388 US 41). Thus, the court properly determined that the *Bialostok* rule is to be applied retroactively.

Accordingly, the order appealed from should be affirmed and the indictment dismissed.

DENMAN, P. J., PINE, BALIO and DAVIS, JJ., concur.

Order unanimously affirmed and indictment dismissed.