■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MARTELLO, Appellant. [675 NYS2d 33] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered April 25, 1997, convicting defendant, after a jury trial, of attempted coercion in the first degree and criminal mischief in the second degree, and sentencing him to two concurrent terms of 1½ to 4½ years and a $5,000 fine, unanimously affirmed. The matter is remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court properly determined that the case of *People v Bialostok* (80 NY2d 738) should be applied prospectively only and does not apply to the pen register orders or electronic eavesdropping warrants in this case, all of which were issued and/or extended prior to the date of the *Bialostok* decision (*see, People v Salzarulo,* 168 Misc 2d 408). We conclude that *Bialostok* is subject to New York's flexible approach to retroactivity rather than the Federal rule of automatic retroactivity to pending cases, as enunciated in *Griffith v Kentucky* (479 US 314).

In *Bialostok*, the Court of Appeals noted that in interpreting CPL article 700, it was required to be sensitive " 'to the constitutional guarantees against search and seizure that the statute seeks to protect' " (80 NY2d, *supra,* at 745, quoting *People v Washington,* 46 NY2d 116, 121). Nonetheless, the Court of Appeals expressly stated that the issue before it was "not the reasonableness of the search but statutory compliance" (80 NY2d, *supra,* at 744). As a result, the *Bialostok* decision is a State rule of law, primarily concerned with a State statute (*see, People v Favor,* 82 NY2d 254, 261-262), as recognized by Federal courts that have addressed this issue (*see, United States v Miller,* 116 F3d 641, 659-661; *United States v Love,* 859 F Supp 725, 732-733, *affd sub nom. United States v Roberts,* 41 F3d 1501; *United States v Shnayderman,* 1993 US Dist LEXIS 18016 [ED Pa, Dec. 17, 1993, Brody, J.]).

Since we find the *Bialostok* rule to be a State rule of law, albeit inspired by Federal constitutional principles to some extent, we decline to follow *People v LaMendola* (206 AD2d 207, 208 [4th Dept 1994]).

The *Bialostok* decision created a new rule of law in extending the requirement of probable cause to pen registers that are merely capable of overhearing conversations even where, as in this case, they are not in fact used to overhear conversations (*see, United States v Miller*, 116 F3d 641, 658, *supra*; *United States v Love*, 859 F Supp 725, 732-733, *supra*; *United States v Shnayderman*, 1993 US Dist LEXIS 18016, *supra*; *see also, People v Favor*, 82 NY2d 254, 262-263, *supra*). Thus, under the three-part test enunciated by the Court of Appeals, we find that all the factors weigh against retroactive application and in favor of prospective application (*see, People v Favor*, *supra*, at 262; *People v Mitchell*, 80 NY2d 519; *People v Pepper*, 53 NY2d 213, 220). Accordingly, the court properly denied defendant's motion to suppress the evidence derived from the eavesdropping warrants as fruit of allegedly unlawful pen register orders.

The court properly admitted direct testimony about an incident in The Bronx where defendant and other union plumbers went through a work site in a manner that caused non-union plumbers to leave. Such testimony properly demonstrated that the defendant used "strong-arm" tactics as part of a wide-ranging common scheme or plan to pressure non-union businesses or contractors into hiring union plumbers (*see, People v Molineux*, 168 NY 264, 305-313; *People v D'Andrea*, 187 AD2d 753, 754, *lv denied* 81 NY2d 884; *People v Pons*, 159 AD2d 471, 473, *lv denied* 76 NY2d 741).

The court properly admitted taped coconspirator declarations, while providing sufficient opportunity for cross-examination of the declarant (*People v Persico*, 157 AD2d 339, *lv denied* 76 NY2d 895; *see also, People v Ely*, 68 NY2d 520, 527).

The evidence, viewed in its totality, provided ample basis for the jury to infer defendant's accessorial liability for an attempt to coerce the particular victim named in the indictment (*see*, Penal Law §§ 20.00, 110.00, 135.65), which did not constitute lawful labor activities (*see*, Penal Law § 135.60 [6]). The challenged testimony by the wife of the named victim was relevant to the issues presented at trial, was not unduly prejudicial, and did not result in a variance between the indictment and the proof with respect to the identity of the victim. Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.