THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHYTRECE T. BANKS, Appellant. [742 NYS2d 756] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered March 16, 2001, convicting defendant after a jury trial of, inter alia, grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and endangering the welfare of a child (§ 260.10 [1]) and sentencing her to concurrent terms of incarceration, the longest of which is an indeterminate term of 1 to 3 years. The conviction stems from an incident in which defendant and others enlisted the aid of a 12-year-old boy in stealing $2,300 worth of merchandise from a department store. County Court properly denied defendant's request to charge attempted grand larceny in the fourth degree as a lesser included offense of grand larceny in the fourth degree. When viewed in the light most favorable to defendant (*see People v Randolph*, 81 NY2d 868, 869; *People v Hamilton*, 234 AD2d 974, *lv denied* 89 NY2d 1093), there is no reasonable view of the evidence that defendant was guilty of only an attempted larceny and not a completed larceny (*see generally* CPL 300.50 [1]; *People v*

*Glover,* 57 NY2d 61, 63; *People v Green,* 56 NY2d 427, 430, *rearg denied* 57 NY2d 775). A "taking of property in the self-service store context can be established by evidence that a customer exercised control over merchandise wholly inconsistent with the store's continued rights," irrespective of whether the property actually was removed from the premises (*People v Olivo,* 52 NY2d 309, 321, *rearg denied* 53 NY2d 797; *see People v Stringfellow,* 176 AD2d 447, 448, *lv denied* 79 NY2d 864; *People v Basir,* 141 AD2d 745, 745, *lv denied* 72 NY2d 915).

The court's *Sandoval* ruling did not constitute an abuse of discretion. The court properly balanced the probative worth of the prior convictions against their potential for prejudice (*see People v Walker,* 83 NY2d 455, 459; *People v Matta,* 286 AD2d 944; *People v Laraby,* 219 AD2d 817, *lv denied* 88 NY2d 937). The prior larceny convictions were highly probative of defendant's dishonesty (*see People v Freeney,* 291 AD2d 913; *People v Willis,* 282 AD2d 882, 883, *lv denied* 96 NY2d 869), and inquiry into those larcenies was not barred merely because the prior criminal conduct was similar to the instant charge (*see People v Pavao,* 59 NY2d 282, 292; *People v Malave,* 288 AD2d 237; *People v Castaldi,* 209 AD2d 961, *lv denied* 84 NY2d 1029).

We have considered the remaining contentions of defendant, including her challenge to the severity of the sentence, and conclude that they are without merit. Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.