THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE LAROCK, Appellant. [801 NYS2d 442]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered February 7, 2003. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Contrary to defendant's contentions, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although defendant is correct that the People did not present evidence establishing that she removed items from the store at issue, the store's loss prevention manager testified that he observed defendant and a companion quickly place several items into a shopping cart and then proceed to the rear of the store. At that time, he observed them place some of the items in a cardboard box that was near an emergency exit. Suspecting that the pair would "break out" of the emergency exit, load a vehicle and leave the premises, the loss prevention manager exited the store and drove his personal vehicle to the rear of the store. He then observed a vehicle with its trunk open, near the emergency exit. When the driver of that vehicle saw that the loss prevention manager was watching him, he drove to the side of the store, where defendant and her companion were waiting. Neither defendant nor her companion had any merchandise with them. When defendant and her companion approached the vehicle, the loss prevention manager drove up to the bumper of the vehicle. The driver of the vehicle then drove away, leaving behind defendant and her companion. "[A] taking of property in the self-service store context can be established by evidence that a customer exercised control over merchandise wholly inconsistent with the store's continued rights" (*People v Olivo*, 52 NY2d 309, 321 [1981]), "irrespective of whether the property actually was removed from the premises" (*People v Banks*, 294 AD2d 935, 936 [2002], *lv denied* 98 NY2d 672 [2002]). Defendant failed to preserve her remaining contention for our review (*see* CPL 470.05 [2]) and, in any event, that contention is without merit. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.