■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ATHANASATOS, Appellant. [836 NYS2d 343]—

Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered April 11, 2006, upon a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the fourth degree.

Defendant and Daniel Dellisanti were arrested and charged in an indictment with burglary in the third degree and grand larceny in the fourth degree after Dellisanti was observed leaving the "employees only" section of a Staples store with a 41-quart, black wastebasket, which was ultimately discovered to contain Hewlett Packard ink-jet cartridges, cardboard boxes, packing tape and a certificate of achievement for which Dellisanti had not paid. Upon exiting the store, Dellisanti entered a car in which defendant was waiting and defendant drove away from the scene. Following a *Molineux* hearing, County Court granted the People's request to use evidence at trial of certain prior bad acts for the purpose of establishing intent and that a common scheme was employed in the commission of this offense and an incident at a Staples store in Massachusetts one day earlier. The matter then proceeded to trial, at the close of which defendant was found guilty as charged. County Court denied his subsequent motion to set aside the verdict and sentenced him to an aggregate prison term of $2^{1}/_{3}$ to 7 years. Defendant appeals and we now affirm.

Initially, we reject defendant's argument that the evidence is legally insufficient to support his burglary conviction. To estab-

lish accomplice liability for burglary in the third degree, the People must prove beyond a reasonable doubt that, in furtherance of knowingly entering or remaining unlawfully in a building with intent to commit a crime therein, defendant solicited, requested, commanded, importuned or intentionally aided another person in the commission of the crime (see Penal Law §§ 20.00, 140.20). Defendant concedes that legally entering the store and taking the merchandise without paying for it would constitute a larceny (see Penal Law § 155.05 [1]) and that the proof of Dellisanti's entry into the "employees only" area of the Staples store satisfied the element of unlawful entry (see Penal Law § 140.00 [5]; People v Quinones, 18 AD3d 330, 330 [2005], lv denied 5 NY3d 809 [2005]; People v Canady, 235 AD2d 290, 290 [1997], lv denied 89 NY2d 1090 [1997]; cf. People v Casey, 245 AD2d 295, 295 [1997], lv denied 91 NY2d 924 [1998]). Defendant asserts, however, that Dellisanti's larceny was complete prior to his unlawful entry into the "employees only" area and, therefore, that Dellisanti—and, by extension, defendant—lacked the requisite "intent to commit a crime therein" (Penal Law § 140.20). We disagree.

A person steals property when he or she "exercise[s] possession and control over the property, for even a temporary period of time, in a manner inconsistent with the owner's rights . . . [and] the property need not be removed from the owner's premises for the defendant to gain the requisite dominion and control" (People v Yusufi, 247 AD2d 648, 649 [1998], lv denied 92 NY2d 863 [1998] [citation omitted]; see People v Olivo, 52 NY2d 309, 318 [1981]). Defendant is correct that in a self-service store, such as Staples, a taking " 'can be established by evidence that a customer exercised control over merchandise wholly inconsistent with the store's continued rights,' irrespective of whether the property actually was removed from the premises" (People v Banks, 294 AD2d 935, 936 [2002], lv denied 98 NY2d 672 [2002], quoting People v Olivo, supra at 321). Nevertheless, we note that there is no indication that Dellisanti concealed, attempted to secret the stolen property or moved the property towards an exit while he was in the public area of the Staples store; rather, defendant asserts that the evidence showed that Dellisanti carried the items openly—i.e., "in a manner . . . [that was] in accord with that of a prospective purchaser"— until he entered the restricted area of the store (People v Olivo, supra at 318; cf. People v LaRock, 21 AD3d 1367, 1368 [2005], lv denied 5 NY3d 883 [2005]; People v Tryphina XX., 176 AD2d 1077, 1079-1080 [1991]). Under these circumstances, Dellisanti's possession was not inconsistent with the continued rights of the owner until he took the property from the general

shopping area into the restricted area. Accordingly, in our view, there was a legally sufficient basis from which the jury could conclude that Dellisanti unlawfully entered the restricted area of the store with the contemporaneous intent to commit a larceny (*see generally People v Gaines*, 74 NY2d 358, 363 [1989]).

We are similarly unpersuaded by defendant's argument that County Court committed reversible error in permitting the People to offer extrinsic evidence of defendant's prior bad acts. Such evidence is not admissible to prove propensity, but may be offered to show, among other things, " '(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; [and] (5) the identity of the person charged with the commission of the crime on trial' " when the probative value outweighs the risk of prejudice to the defendant (*see People v Ventimiglia*, 52 NY2d 350, 359 [1981], quoting *People v Molineux*, 168 NY 264, 293 [1901]). Here, County Court permitted a Massachusetts police officer to testify regarding a nearly identical incident involving Dellisanti and defendant that took place the day before the alleged burglary in New York. That incident resulted in defendant's conviction of larceny by plea of guilty. Specifically, the officer testified that defendant and Dellisanti ran out of a Staples store in Massachusetts with a 41-quart, black wastebasket containing Hewlett Packard ink-jet cartridges and cardboard boxes. The officer arrested defendant and Dellisanti when he found them placing the ink-jet cartridges into the cardboard boxes shortly after they fled the store, in the same car used in the incident at issue here. In our view, because the evidence established " 'such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations,' " County Court properly admitted the officer's testimony as proof of a preconcerted common scheme or plan, with adequate limiting instructions to that effect (*People v Fiore*, 34 NY2d 81, 85 [1974] [citation omitted]; *see People v Molineux*, *supra* at 305-306; *People v D'Andrea*, 187 AD2d 753, 754 [1992], *lv denied* 81 NY2d 884 [1993]; *cf. People v Simmons*, 29 AD3d 1219, 1220-1221 [2006]). Moreover, while defendant is arguably correct that the evidence should not have been admitted with respect to intent because that issue was not contested and the jury could infer intent from the facts, any error in this regard is harmless in light of the overwhelming evidence of defendant's guilt and the propriety of admitting the same evidence to illustrate a common scheme or plan (*see People v Milot*, 305 AD2d 729, 731-732 [2003], *lv denied* 100 NY2d 585 [2003]; *cf. People v Hunter*, 32 AD3d 611, 612 [2006]).

Defendant's remaining arguments, to the extent not addressed herein, have been considered and found to be lacking in merit.

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.