THIRD DEPARTMENT, MAY, 2009

(May 7, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY TOWNDROW, Appellant. [879 NYS2d 223]—

Kavanagh, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered December 8, 2006, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the fourth degree.

In January 2006, the State Police learned during an investigation that a stolen .44 caliber handgun had recently been sold by a man named "Terry" to Matthew Woolfolk. Woolfolk ultimately admitted to purchasing the weapon and agreed to contact the seller to arrange for the purchase of another firearm. In that regard, Woolfolk, on January 26, 2006, while wearing a radio transmitter and being surveilled by State Police personnel, met with defendant and his cousin, Erick Wright, and paid them $100 for a Remington 12-gauge shotgun. This weapon, and the .44 caliber handgun that Woolfolk had previously purchased from defendant, were later determined to have been stolen during a residential burglary committed in the Town of Norwich, Chenango County on January 8, 2006. At the time of the sale, Woolfolk was overheard by State Police personnel discussing with defendant and his cousin the prior purchase of the handgun, as well as the purchase of other firearms by Woolfolk from defendant in the future. After defendant and Wright left the scene, a search warrant was obtained for defendant's residence and, during its execution, four firearms were recovered

from the attic of defendant's home, three of which were later determined to be stolen.[1]

Defendant was subsequently charged by indictment with criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree and criminal possession of a weapon in the fourth degree as to one weapon recovered from defendant's residence—a Remington 597 rifle with scope—that was determined to have been stolen on December 6, 2005 during the burglary of a farmhouse owned by John Alishauskas located in the Town of North Norwich, Chenango County. After trial, defendant was found guilty of criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the fourth degree[2] and subsequently sentenced to concurrent prison terms of 2 to 4 years and one year, respectively. Defendant now appeals, claiming, among other things, that the convictions were against the weight of the evidence and not supported by legally sufficient evidence, that he was denied the effective assistance of counsel and that County Court improperly allowed the jury to consider evidence of uncharged crimes on the issue of his guilt. Because we find that none of defendant's claims has merit, we now affirm.

Initially, we note that County Court did not err by permitting the People to introduce evidence regarding defendant's involvement in two prior transactions in which stolen firearms were sold to a third party. This evidence and, in particular, defendant's intimate involvement in each transaction was relevant to establish defendant's possession of the rifle found in his residence and his knowledge that it was stolen (*see People v Molineux*, 168 NY 264 [1901]; *see also People v Giles*, 11 NY3d 495, 498-499 [2008]; *People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Athanasatos*, 40 AD3d 1263, 1265 [2007], *lv denied* 9 NY3d 872 [2007]). Given the temporal proximity and clear nexus between these criminal acts and the charged offenses, evidence of defendant's involvement in this criminal activity was clearly relevant to establish his mens rea. In addition, County Court issued appropriate limiting instructions when it admitted this ev-

---

1. The following relevant items were recovered during the search of defendant's residence: (1) a .32 caliber pistol; (2) a Remington 597 rifle with scope; (3) a Knight .50 caliber rifle with scope; (4) an Ithaca .22 caliber rifle model M-49; (5) a Remington 1100 12-gauge shotgun with Simmons scope; (6) a Marlin .22 caliber rifle with scope; (7) a rifle magazine containing one bullet; (8) a Mossburg 20-gauge gun barrel; (9) a green cloth gun case with one gun capacity; and (10) a Woodstream gun case with four gun capacity.

2. Criminal possession of stolen property in the fifth degree was not submitted to the jury.

idence at trial that properly advised the jury that such evidence could not be used to establish defendant's propensity for committing any of the crimes set forth in the indictment, but that the evidence could only be used to determine whether defendant was in possession of a weapon he knew to be stolen and that he had a motive for possessing it (*see People v Arafet*, 54 AD3d 517, 519-520 [2008], *lv granted* 11 NY3d 859 [2008]; *People v Doyle*, 48 AD3d 961, 963 [2008], *lv denied* 10 NY3d 862 [2008]).

We also find that the evidence introduced at trial was legally sufficient to establish defendant's possession of the weapon and that he knew it was stolen property. Evidence was presented at trial that, at the time of his arrest, defendant was in possession of more than one stolen firearm and that he possessed these firearms for the purpose of selling them. While defendant was only charged with the illegal possession of one stolen firearm, his prior involvement in illegal sale activity, coupled with the number of stolen firearms recovered from within his residence, establishes that there was a valid line of reasoning and permissible inferences to support the jury's conclusion that the weapon in the house was possessed by defendant and that he knew it was stolen (*see People v Hall*, 57 AD3d 1222, 1225-1226 [2008]; *People v Albanese*, 38 AD3d 1015, 1016-1017 [2007], *lv denied* 8 NY3d 891 [2007]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]).[3]

Nor was the verdict against the weight of the credible evidence introduced at trial. While defendant does not dispute that the weapons found in his home were stolen, he claims that credible evidence was introduced at trial that established that all of the weapons found in the attic of his home had been placed there by third parties without his knowledge. In that regard, both Wright and defendant's son testified that defendant had a rule that no firearms were allowed in his home and that they had put the weapons found in the attic in that location without defendant's knowledge.[4] However, during the execution of the search warrant, State Police personnel testified that numerous firearms were located throughout defendant's home and were

**3.** Defendant also faced charges in Broome County for criminal sale of a weapon in the third degree and criminal possession of stolen property in the fourth degree. The disposition of those charges is not clear on the face of this record.

**4.** Wright, at the time of trial, had pleaded guilty in both Chenango County and Broome County to charges involving the criminal possession of firearms for which he received sentences of one year in jail, each to run concurrently. He conceded at trial that the Chenango County conviction involved his possession of the rifle that was the subject of this prosecution and that the

readily visible to anyone inside the premises. Moreover, the audio recording of Woolfolk's conversation with defendant and Wright, at the time Woolfolk purchased the stolen shotgun, established that defendant not only knew that the weapon that was the subject of the sale was stolen, but that he had other firearms in his home that he was also willing to sell to Woolfolk in future transactions. Viewing the evidence in a neutral light (*see People v Carter*, 31 AD3d 1056, 1058 [2006], *lv denied* 7 NY3d 901 [2006]) and deferring to the jury's assessment of the credibility of the witnesses who testified at trial and, in particular, Wright and defendant's son, we are of the view that the verdict was not against the weight of the evidence (*see People v Allah*, 57 AD3d 1115, 1116 [2008]; *People v Gilliam*, 36 AD3d 1151, 1153 [2007], *lv denied* 8 NY3d 946 [2007]).

Defendant was not, as he claims, deprived of the effective assistance of counsel. While the record is not clear as to why defendant's former attorney did not represent him at trial, the fact remains that new counsel was appointed to represent defendant before the trial commenced. We ascertain nothing in the record to indicate that counsel's ability to adequately prepare a defense on behalf of defendant was in any way compromised by County Court's refusal to grant his request for an adjournment just prior to the commencement of the trial. It is also clear from the trial record that defense counsel put forth a vigorous defense on defendant's behalf, including the presentation of two witnesses, both of whom sought to take full responsibility for the weapons found in defendant's attic and who attempted to completely absolve defendant of any wrongdoing in connection with the crimes charged in the indictment. Reviewing the record as an integrated whole, we conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Phillips*, 55 AD3d 1145, 1148-1149 [2008], *lv denied* 11 NY3d 899 [2008]).[5]

Defendant's remaining claims have been reviewed and found to be lacking in merit.

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

BroomeCounty conviction involved his possession of the shotgun that was sold to Woolfolk during the sale that was observed by the State Police.

5. As to any error that may have been committed by defendant's prior counsel in failing to request inspection of the grand jury minutes, we note that the one witness who testified before the grand jury testified at trial and that his grand jury testimony was provided as part of the prosecution's obligation to provide *Rosario* material to the defense.