OPINION OF THE COURT
Adrian N. Armstrong, J.
Defendant Kerwin Webb is charged with a single count of petit larceny (Penal Law § 155.25). A bench trial in this action began on May 24, 2017, and was adjourned several times before being completed on September 20, 2017. The People called one witness, Melesa Murray. The defendant testified on his own behalf.
Melesa Murray, an asset protection specialist for Target Corporation, testified that on January 11, 2017, at approximately 9:17 a.m., she observed the defendant inside Target located in the City of Mount Vernon, County of Westchester, place several items in his shopping cart. She further testified that she watched the defendant then proceed to the self-checkout area where he scanned only one item in his shopping cart before pressing the “Finish” button. The defendant was then observed by Ms. Murray attempting to scan the other items in his shopping cart which consisted of towels, a toaster oven and a vacuum cleaner. Ms. Murray testified that she believed that the defendant was “fake scanning” these items in an effort to appear that he was actually attempting to pay for all the items in his shopping cart. Ms. Murray also testified that after the defendant paid for the one item that he scanned, he proceeded to push his shopping cart, with the other unpaid items inside, past all points of sale toward the exit. She testified that she then stopped him a few feet from the exit. The defendant was taken to the booking room where he was held, until taken by Mount Vernon Police officers who were called to arrest the defendant for the alleged thefts of merchandise.
On cross-examination the People’s witness admitted that she made errors in her report by misidentifying the items that were placed in the defendant’s shopping cart. Ms. Murray also acknowledged that she mistakenly indicated in her report that the defendant had admitted to her his intent to steal the items that were unpaid for.
The defendant testified on his own behalf that he is a seven-year employee of Verizon Wireless, and that he has received numerous awards from Verizon resulting in being rewarded with paid vacations for both him and his wife. The defendant also testified that he is a deacon and elder in his church, and contributes thousands of dollars annually to his church.
*874 On the day in question, the defendant testified that he had never used a self-checkout terminal before in any store in his life, which resulted in him being unable to correctly scan all the items in his shopping cart. The defendant stated that his intent was not to steal the items that were unpaid for, but to take the items to the customer service desk where he would get help to pay for the items, and to ask about a warranty for the vacuum cleaner that he wished to purchase. While the defendant admitted to only paying for the soap in his shopping cart, and that he pushed the shopping cart past the self-checkout area, he was adamant that his intent was not to leave the store but to proceed to the customer service area. He further testified that before he could proceed to the customer service area he was stopped by Ms. Murray who identified herself as Target security, and directed him to follow her to the booking room.
A person is guilty of petit larceny when “he steals property” (Penal Law § 155.25). A person steals property when, “with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof” (Penal Law § 155.05 [1]). “Taking” includes exercising dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner’s continued rights (People v Jennings, 69 NY2d 103, 118 [1986]).
“[A] taking of property in the self-service store context can be established by evidence that a customer exercised control over merchandise wholly inconsistent with the store’s continued rights” (People v Olivo, 52 NY2d 309, 321 [1981]), “irrespective of whether the property actually was removed from the premises” (People v Banks, 294 AD2d 935, 936 [4th Dept 2002]).
While the trial testimony of the two witnesses differed with respect to the intent of the defendant, fortunately for the court a surveillance video of the defendant was introduced into evidence, which showed the defendant at the self-checkout area, scanning or fake scanning the items in his shopping cart, and then proceeding past the point of sale before being stopped by store security. The subject video also depicted that for a customer to proceed to the customer service area after passing the last self-checkout terminal, the customer would have to make a sharp right turn. Contrary to the defendant’s contention that it was his intent to proceed to the customer service area after paying for the one item in his shopping cart, the *875 video showed that the defendant never made that sharp right turn after passing the last self-checkout terminal. Instead the defendant proceeded straight toward the exit and when he was stopped by Target security, the front of the defendant’s shopping cart was headed far enough toward the exit doors that it would be virtually impossible for him to proceed to the customer service area, albeit not by much; however, at the point where he was stopped, the only way he could have proceeded to the customer service area would be to put the shopping cart in reverse, and then turn right. Had the defendant been stopped prior to the location in which he was stopped in the video, then a plausible argument could have been made that he was not intending to steal, and was proceeding to the customer service area for assistance.
The surveillance video constituted direct evidence of the defendant’s guilt of larceny. The “taking” element of larceny was satisfied by a showing that the defendant exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner’s continued rights (People v Olivo at 318), and a shoplifter who exercises dominion and control over the goods wholly inconsistent with the continued rights of the owner can be guilty of larceny even if apprehended before leaving the store (People v Robinson, 60 NY2d 982, 983-984 [1983], citing Olivo, 52 NY2d 309).
Accordingly, the court finds that the defendant engaged in the course of conduct complained of and acted with the requisite intent on the date and time alleged. As such, the court finds that the People have proved beyond a reasonable doubt that the defendant is guilty of petit larceny.