People v Tavarez (2020 NY Slip Op 03185)





People v Tavarez


2020 NY Slip Op 03185


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11598 4241/15

[*1] The People of the State of New York, Respondent,
v
Rolando Tavarez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered March 16, 2017, convicting defendant, upon his plea of guilty, of attempted rape in the first degree, and sentencing him to a term of eight years, unanimously affirmed.
Defendant claims that his guilty plea under an undisputedly valid count of the indictment was impacted or influenced by the presence of a more serious charge that defendant claims to have been jurisdictionally defective. He further claims that when he was told that he was facing a life sentence if convicted after trial, this information was inaccurate because the only class A felony charge in the indictment was the allegedly defective count. We conclude that these claims are not exempt from preservation requirements (see generally People v Conceicao, 26 NY3d 375, 381-382 [2015]).
For purposes of this appeal, we assume, without deciding, that the count charging defendant with predatory sexual assault against a child was jurisdictionally defective, and find it unnecessary to address the parties' arguments on that issue. A claim that an indictment or count thereof was jurisdictionally defective is not subject to preservation rules (see e.g. People v Thacker, 173 AD3d 1360, 1361 [3d Dept 2019] lv denied 34 NY3d 938 [2019]). However, it does not follow that a claim that a defective count impacted a defendant's decision to plead guilty should be likewise exempt. While a jurisdictional defect may be apparent on the face of the indictment, the defect's impact on a plea would warrant the type of inquiry that would ordinarily be occasioned by a plea withdrawal motion (see People v Frederick, 45 NY2d 520, 524-525 [1978]; see also People v Peque, 22 NY3d 168, 183 [2013], cert denied 574 US 840 [2014]).
We decline to review defendant's unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal. The limited record before us fails to establish that the presence of the allegedly defective count impacted defendant's choice to plead guilty under a valid count. In particular, the record demonstrates that at the time of his plea, defendant was aware that the People had recognized a problem with the language of the predatory sexual assault count, and were taking steps to attempt to cure the defect. Similarly, defendant was correctly advised of his potential sentencing exposure.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK