People v Ramirez (2020 NY Slip Op 51150(U))

[*1]

People v Ramirez (Helen)

2020 NY Slip Op 51150(U) [69 Misc 3d 129(A)]

Decided on October 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

&em;

The People of the State of New York,
Respondent, 
against
Helen Ramirez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Anne J. Swern, J.), rendered March 28, 2019, convicting her, upon a plea of guilty,
of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Anne J. Swern, J.), rendered March 28, 2019, affirmed.
Defendant pleaded guilty to disorderly conduct, a violation, in satisfaction of an accusatory
instrument charging three class A misdemeanors. For the first time on appeal, defendant alleges
that her guilty plea was coerced by the presence in the accusatory instrument of a charge of
endangering the welfare of a child (see Penal Law § 260.10), which she claims was
jurisdictionally defective. This contention is unpreserved for our review, since defendant did not
make an appropriate postallocution motion. A claim that a defective count impacted a defendant's
decision to plead guilty is not exempt from preservation requirements (see People v Tavarez, 184 AD3d
416, 417 [2020] ["While a jurisdictional defect may be apparent on the face of the
indictment, the defect's impact on a plea would warrant the type of inquiry that would ordinarily
be occasioned by a plea withdrawal motion"]). We decline to review this unpreserved claim in
the interest of justice. As an alternative holding, we find that defendant, after consulting with
counsel, pleaded guilty knowingly, voluntarily and intelligently, and there is nothing in the record
to indicate that the presence of the allegedly defective count impacted defendant's choice to enter
into the plea agreement.
Moreover, in view of defendant's waiver of prosecution by information, we conclude that the
offense of endangering the welfare of a child was sufficiently charged by way of allegations that
defendant committed a larceny in the presence of a child and left the specified store without
paying for property that was in the stroller with the child (see People v Vasquez-Uceda, 66 Misc 3d 149[A], 2020 NY Slip
Op 50268[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020], lv denied 35 NY3d
975 [2020]; see also People v Johnson, 95 NY2d 368, 372 [2000]; People v
Banks, 294 AD2d 935 [2002], lv denied 98 NY2d 672 [2002]). Furthermore, even
assuming that the endangering charge was defective, the other facially sufficient misdemeanor
charges, including petit larceny, supported the guilty plea to disorderly conduct, a lesser offense
(see [*2]People v Keizer, 100 NY2d 114 [2003]; see also People v Thiam, 34 NY3d
1040 [2019]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and she expressly requests that this Court affirm the conviction if
it does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm
on this basis as well (see People v Vargas, 162 AD3d 531 [2018], lv denied 32 NY3d 942
[2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 2, 2020