People v Tenesaca (2021 NY Slip Op 50043(U))

[*1]

People v Tenesaca (William)

2021 NY Slip Op 50043(U) [70 Misc 3d 136(A)]

Decided on January 22, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

20-043

The People of the State of New 
 York, Respondent,
against
William Tenesaca, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Phyllis Chu, J.), rendered March 14, 2018, convicting him, upon a plea of guilty,
of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered March 14, 2018, affirmed.
Defendant's guilty plea was knowing, intelligent and voluntary. At the plea proceeding,
defendant, represented by counsel, knowingly acknowledged his desire to plead guilty to
second-degree harassment, a violation, in satisfaction of an accusatory instrument charging two
class A misdemeanors, stated that he had an opportunity to speak to his attorney about the plea,
and acknowledged his understanding of the rights he was waiving by pleading guilty (see
Boykin v Alabama, 395 US 238 [1969]), including the right to a trial, the right to call
witnesses, and the right to have his lawyer present a defense (see People v Conceicao, 26 NY3d
375, 382 [2015]; People v Sougou,
26 NY3d 1052, 1054 [2015]). Defendant also executed a form acknowledging receipt of a
written copy of the terms of the conditional discharge and its expiration date (see CPL
410.10[1]; People v Valentin, 66
Misc 3d 136[A], 2020 NY Slip Op 50044[U][App Term, 1st Dept 2020]). Defendant's
contention that his guilty plea was coerced by the presence in the accusatory instrument of the
two misdemeanor charges that he claims were jurisdictionally defective is unpreserved for our
review, since defendant did not make an appropriate postallocution motion. A claim that a
defective count impacted a defendant's decision to plead guilty is not exempt from preservation
requirements (see People v Tavarez,
184 AD3d 416, 417 [2020], lv denied 35 NY3d 1070 [2020]). As an alternative
holding, we find that there is nothing in the record to indicate that the presence of any allegedly
defective counts impacted defendant's choice to enter into the plea agreement.
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm the conviction if it
does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm
on this basis as well (see People v
Vargas, 162 AD3d 531 [2018], lv denied 32 NY3d 942 [2018]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 22, 2021